**BROTHERHOOD OF RAILROAD TRAINMEN, A. J. Crosby, J. W. Crocker, J. C. Davis, F. A. Merritt, R. P. Parsons, A. Surry, T. A. Springer, and B. L. True, Petitioners,**

v.

**The DENVER AND RIO GRANDE WESTERN RAILROAD COMPANY, Respondent.**

Civ. A. No. 7380.

United States District Court
D. Colorado.

Aug. 30, 1962.

Philip Hornbein, Jr., Denver, Colo., Wayland K. Sullivan, General Counsel, Brotherhood of Railroad Trainmen, Cleveland, Ohio, and James L. Highsaw, Jr., Washington, D. C., for petitioners.

T. A. White and Kenneth D. Barrows, Jr., Denver, Colo., Sidley, Austin, Bur-

gess & Smith, Ray Garrett and William M. McGovern, Jr., Chicago, Ill., for respondent.

ARRAJ, Chief Judge.

This matter is before the Court on petitioner Brotherhood's motion to dismiss respondent railroad's counterclaim for lack of jurisdiction over the subject matter and for lack of jurisdiction over the person. The substance of the principal litigation, as it was originally instituted, involves a petition filed pursuant to Section 3, First (p) of the Railway Labor Act (45 U.S.C. § 153, First (p) ), seeking the enforcement of an award and an order issued by the First Division of the National Railroad Adjustment Board in favor of the petitioners. The Board's award sustained claims for additional pay in favor of several members of the Brotherhood who were required by the railroad to perform certain additional duties.

Prior to the filing of this action, petitioner Brotherhood called a strike in an effort to obtain respondent's compliance with the Board's award and order; the strike continued until, eight hours later, this Court, acting through Judge Chilson, entered an Order restraining such activity on the part of the Brotherhood. Thereafter, the Court issued a permanent injunction against petitioner Brotherhood and others, declaring that the exclusive remedy for the enforcement of an award of the National Adjustment Board, when a "minor" dispute is involved, is by an action brought in a United States District Court pursuant to Section 3, First (p), thereby precluding enforcement by means of a strike; Denver and Rio Grande Western Railroad Company v. Brotherhood of Railroad Trainmen, D. C.Colo.1960, 185 F.Supp. 369, affirmed 290 F.2d 266, cert. den. 366 U.S. 966, 81 S.Ct. 1925, 6 L.Ed.2d 1256, reh. den. 368 U.S. 873, 82 S.Ct. 28, 7 L.Ed.2d 73. In the instant case the respondent railroad has filed a counterclaim against petitioner Brotherhood seeking damages allegedly incurred as a result of the strike.

The petitioner's argument which will be considered herein views the Court's jurisdiction to be derived solely from the special statutory procedure of the Railway Labor Act for the enforcement of awards and orders of the National Railroad Adjustment Board, with the Court's statutory authority thereunder strictly limited to the enforcement or the setting aside of such awards or orders; consequently, this Court is said to lack the power in such proceedings to entertain counterclaims, such as the one filed herein, where no specific provision has been made therefor in the statute.

In reply to the Brotherhood's contention, the respondent railroad maintains initially, that its counterclaim is compulsory in nature, thereby indicating that the Court has ancillary jurisdiction over the respondent's claims for damages. Before determining whether the Court has authority under Section 3, First (p) to entertain questions based upon ancillary jurisdiction, it seems appropriate to first ascertain whether the respondent has filed a counterclaim that is in fact compulsory.

The respondent argues that its counterclaim arises out of the same "transaction or occurrence" as the subject matter of the petition, within the meaning of Rule 13(a) of the Federal Rules of Civil Procedure, since the counterclaim arises out of the Brotherhood's alleged illegal strike to enforce the same award of the National Railroad Adjustment Board which the petition seeks to enforce. While it is apparent that a factor, the award of additional wages, is common to the relief sought by both parties, it does not necessarily follow that a relation is thereby created between the claims of the petitioner and the respondent which lays a proper basis for a compulsory counterclaim.

It is generally recognized that a counterclaim is compulsory if there exists any logical relation between the initial claim and the counterclaim. 1A Barron & Holtzoff, Federal Practice and

Procedure, Section 394; 3 Moore's Federal Practice, Para. 13.13. The term "logical relation" was clearly defined recently in Great Lakes Rubber Corporation v. Herbert Cooper Co. Inc., 3 Cir., 1961, 286 F.2d 631, when Chief Judge Biggs, on page 634, said:

"The phrase 'logical relationship' is given meaning by the purpose of the rule which it was designed to implement. Thus, a counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts. Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action. Indeed the doctrine of *res judicata* compels the counterclaimant to assert his claim in the same suit for it would be barred if asserted separately, subsequently."

■ In the instant case separate trials of the respective parties' claims *would* involve substantially varying efforts by the parties and the tribunals, for the petitioner's requested relief involves judicial review of the administrative award and order, while the respondent's claim seeks damages for an unlawful strike without regard to the validity of the award and order. Few, if any, of the factual or legal issues can be predicted to be identical. In short, two different basic controversies are involved which would appear to preclude the operation of the doctrine of *res judicata*. Therefore, it is the opinion of this Court that the requisite logical relationship which gives rise to a compulsory counterclaim is not present in this instance. Since the respondent's counterclaim is not compul-

sory, there is no need for further consideration of whether Section 3, First (p) authorizes jurisdiction over ancillary matters.

■ However, the respondent railroad also contends that the Court has jurisdiction to entertain the relief which it seeks, though it may constitute a permissive counterclaim within the meaning of Rule 13(b), since there is an independent basis for federal jurisdiction. In this regard, the railroad maintains that its counterclaim arises under the Railway Labor Act and that the amount in controversy exceeds $10,000.00, providing the Court with jurisdiction under 28 U. S.C. §§ 1331 and 1337. While the Railway Labor Act contains no specific provisions authorizing the recovery of damages for an unlawful strike, the respondent appears to state a claim for relief which may be entertained by Federal Courts in an ordinary diversity action; Louisville & Nashville Railroad Company v. Brown, 5 Cir., 1958, 252 F.2d 149.

The respondent's contention that its counterclaim may be heard in this action, even though it may be a permissive counterclaim, is refuted by the petitioner's position that the Court's jurisdiction under Section 3, First (p) is limited solely to the enforcement and review of awards of the Adjustment Board. Support for the Brotherhood's argument seems to be clearly expressed in Stranford v. Pennsylvania Railroad Company, D.C. N.J. 1957, 155 F.Supp. 680, where the Court, in reference to Section 3, First (p), said on pages 687, 688:

"Under this legislative scheme appropriately adopted by Congress to facilitate amicable settlement of disputes between the railroad and its employees, district courts are vested with limited jurisdiction to enforce a monetary award rendered by the Railroad Adjustment Board in favor of an employee when the carrier does not voluntarily comply with the terms of the award."

\*   \*   \*   \*   \*   \*

"This section of the Judicial Code (28 U.S.C.A. Sec. 1337) does not apply in an instance where Congress had made specific provision for the protection of rights which it created such as those rights which are prescribed by the Railway Labor Act. (Authority cited.) *There is no jurisdiction under this section arising under a federal labor law unless the plaintiff is able to show a legal right enforceable by the courts under the terms of the federal act involved.*"
(Parenthesis and emphasis added.)

See also 3 CCH Labor Law Reporter, Para. 6090. But cf. Randolph v. Missouri-Kansas-Texas R. Co., D.C.W.D.Mo. 1946, 68 F.Supp. 1007.

It seems that the reasoning set forth in Stranford corresponds with the express wording contained in Section 3, First (p). First, this section specifically describes the petition which may be filed in the District Court as one which sets forth "the causes for which he claims relief, and the order of the division of the Adjustment Board in the premises." Nothing states that *all* claims between the petitioner and the respondent, either in the petition or by means of a counterclaim, may be heard in this proceeding. Rather, it appears that judicial consideration of the Adjustment Board's award and order is the only matter contemplated by the Act.

Next, it is significant that the final sentence of Section 3, First (p) reads as follows:

"The district courts are empowered, under the rules of the court governing actions at law, to make such order and enter such judgment, by writ of mandamus or otherwise, as may be appropriate to enforce or set aside the order of the division of the Adjustment Board."

Again, nothing suggests that any claims other than those specifically seeking enforcement of the administrative order may be heard by the court in the proceeding provided for in Section 3, First (p).

The respondent railroad argues that the requisite statutory basis authorizing the Court to hear its counterclaim may be found in Section 3, First (p) where the second sentence begins:

"Such suit in the District Court of the United States *shall proceed in all respects as other civil suits. * *.*"
(Emphasis added.)

The respondent maintains that such a phrase constitutes authority for the Court to entertain counterclaims containing independent grounds for federal jurisdiction. While such a view seems plausible when these words are read in isolation, it is noted that this second sentence of the section continues:

" * * * except that on the trial of such suit the findings and order of the division of the Adjustment Board shall be prima facie evidence of the facts therein stated, and except that the petitioner shall not be liable for costs in the district court nor for costs at any subsequent stage of the proceedings, unless they accrue upon his appeal, and such costs shall be paid out of the appropriation for the expenses of the courts of the United States."

When this second sentence is read in its entirety, it appears to this Court that the reference to the litigation proceeding "as other civil suits" pertains to matters of trial practice and procedure, such as rules of evidence, the filing of motions, and local rules of the Court, rather than statutory authorization for the Court to hear any claims which the parties may seek to assert. Perhaps one of the strongest indicators that the sentence is to be read in a context of trial practice and procedure lies in the fact that the Court is directed to treat the administrative findings and order as prima facie evidence of the facts. At the same time, the statutory mandate with respect to costs, again, seems to be directed toward the manner in which the Court is to conduct the proceedings when enforcement of the Board's award is sought. Nothing

clearly indicates that other claims for relief may be brought in under this section.

Finally, it is not reasonable to assume that the beneficial treatment which the petitioners are to receive under the section with regard to costs was intended by Congress to be extended to all extraneous claims between the parties which might be interjected by one means or another into the proceedings as if it were an ordinary civil action.

Consequently, when the second sentence of Section 3, First (p) is viewed in the perspective set forth above, it does not appear to afford the Court jurisdiction over claims other than those to enforce a monetary award of the Railroad Adjustment Board. This Court therefore concludes that it is without statutory authority to entertain the respondent's counterclaim in this proceeding. Since the finding of lack of jurisdiction over the subject matter will afford the relief requested in the motion to dismiss, it is unnecessary to consider the issue of jurisdiction over the person. It is therefore

ORDERED that petitioner's motion to dismiss respondent's counterclaim for lack of jurisdiction over the subject matter is granted.