**AMERICAN AIRLINES, INC., Plaintiff,**
v.
**TRANSPORT WORKERS UNION et al.,**
Defendants.

Civ. No. 67-C-223.

United States District Court
N. D. Oklahoma.
March 2, 1968.

See also D.C., 44 F.R.D. 47.

———◆———

Loyd Benefield, of Savage, Gibson, Benefield & Shelton, Oklahoma City, Okl., Arthur M. Wisehart, New York City, Boone, Ellison & Smith, Tulsa, Okl., of counsel, for plaintiff.

Maynard I. Ungerman, of Ungerman, Grabel, Ungerman & Leiter, Tulsa, Okl., for defendants.

## ORDER DENYING MOTION FOR A COUNTERCLAIM

DAUGHERTY, District Judge.

The Transport Workers Union et al. (Union) as Plaintiffs filed Civil Action No. 68-C-18 in this Court subsequent to the filing of the above captioned action by the Plaintiff, American Airlines, Inc. (Company). The Union claims in Case No. 68-C-18 that the Company has taken improper disciplinary action against its employees in violation of the Railway Labor Act and the labor contracts between the parties. The Union seeks injunctive and rescission relief against such action by the Company. The Union's suit was assigned to Chief Judge

Barrow and on motion of the Company the Union was ordered to refile its action in Case No. 68–C–18 as a compulsory counterclaim in this case. Whereupon the Union filed a motion in this case for leave to file a compulsory counterclaim as ordered by Chief Judge Barrow.

In considering the Union's motion, the Court confines itself to the narrow question of whether the Union's counterclaim was compulsory within the meaning of Rule 13(a), Federal Rules of Civil Procedure.*

 The purpose of Rule 13(a) is to discourage multiplicity of actions and to encourage settlement of all related claims in one action between the parties. Southern Const. Co. v. United States for Use of Pickard, 371 U.S. 57, 83 S.Ct. 108, 9 L.Ed.2d 31 (1962). The compulsory counterclaim must be logically related to the original claim and arise out of the same subject matter on which the original claim is based. Moore v. New York Cotton Exchange, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926). Many of the same factual and legal issues, or offshoots of the same basic controversy between the parties, must be involved in the counterclaim. Great Lakes Rubber Corporation v. Herbert Cooper Co., 286 F.2d 631 (Third Cir. 1961).

The action filed herein by the Company arises out of an alleged unlawful walkout at its Tulsa Depot occurring on November 16, 1967. The Company seeks a permanent injunction against a walkout on the basis of labor contracts between the parties which prohibit a walkout. The counterclaim sought to be filed herein by the Union arises out of a claim by the Union that the Company has failed in good faith to resolve grievances presented to the Company for a period of time in excess of the past year so that a back-log of approximately 100 cases existed before the Board of Adjustment on January 4, 1968, and then on said date the Company took disciplinary action against more than 3,000 Union members as a result of the alleged walkout of November 16, 1967. The Union asserts that by these actions the Company has rendered the prescribed grievance procedure a nullity, pointing out that the Board can handle 60 grievance cases per year from the Tulsa Depot.

A case similar to the present one was decided in Brotherhood of Railroad Trainmen v. Denver & R. G. W. R. Co., 31 F.R.D. 297 (Colo. 1962). In that case, the Union obtained an arbitration award. It then filed suit to obtain the enforcement of the same against the Railroad. Before this suit was filed, the Union struck. The strike was restrained by court order. The Railroad sought damages resulting from the strike by way of a counterclaim in the Union's suit. The strike damage issue of the counterclaim was not considered sufficiently related to the issue of enforcing the arbitration award. The counterclaim was denied.

The case of Brotherhood of Locomotive F. & E. v. Butte, A. & P. Ry. Co., 286 F.2d 706 (Ninth Cir. 1961) cited by the Company, is distinguishable from the present case. In this case, a single occurrence, the Railroad's violation of the status quo provision of the Railway Labor Act, was involved in the original action and in the counterclaim which was held compulsory because of that fact.

In the instant situation, the alleged violations of the labor contracts claimed by each of the parties are separate and distinct. Not only did they occur at different times, but also they involve different facts and subject matter. They also

---

* (a) *Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

involve different provisions of the labor contracts. The suit by the Company involves the no strike provisions. The suit by the Union and the counterclaim now sought to be injected herein involved the grievance procedure provisions.

In the view of the Court, the counterclaim presented is a totally separate matter from the claim asserted herein by the Company. The occurrences giving rise to each claim are distinct events which have no facts in common. The Company's case involves a walkout and its legality or illegality. The Union's case in no way depends on whether the walkout is finally determined to be lawful or unlawful. Cf. Moore v. New York Cotton Exchange, supra; 270 U.S. at page 610, 46 S.Ct. at page 371, 70 L. Ed. at page 757. A separate trial of the counterclaim will not involve duplication of effort. Brotherhood of Railroad Trainmen v. Denver & R. G. W. R. Co., supra. The basic legal theories of the two claims are likewise dissimilar. The Company's suit is in the nature of specific performance of certain provisions of the labor contracts to not walk out, whereas the Union's suit and proposed counterclaim is in the nature of rescinding certain disciplinary action taken by the Company and enjoining future disciplinary action, not because the walkout was legal or illegal, but because the Company has failed in good faith to resolve grievances and has jammed up the prescribed grievance procedure. If the walkout was illegal it should be permanently enjoined. This has nothing to do—no logical relationship—with the prescribed grievance procedure and conduct pertaining thereto. Separate trials would not involve a substantial duplication of effort and time. Quite the contrary. One would deal with a walkout and its legality or illegality, and the other with whether proper grievance procedure is being followed.

The Court declines to grant leave to file the counterclaim as requested by the Union