FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, *Petitioner*, v. VALLEY HEALTH SYSTEM, LLC DBA DESERT SPRINGS HOSPITAL MEDICAL CENTER; VALLEY HOSPITAL MEDICAL CENTER, INC. DBA VALLEY HOSPITAL MEDICAL CENTER, *Respondents*. | No. 23-137 NLRB Nos. 28-CA-184993 28-CA-185013 28-CA-189709 28-CA-189730 28-CA-192354 28-CA-193581 28-CA-194185 28-CA-194194 28-CA-194450 28-CA-194471 28-CA-194790 28-CA-195235 28-CA-197426 28-CA-201519 OPINION |
| VALLEY HOSPITAL MEDICAL CENTER, INC. DBA VALLEY HOSPITAL MEDICAL CENTER, *Petitioner*, v. | No. 23-640 NLRB Nos. 28-CA-184993 28-CA-185013 28-CA-189709 28-CA-189730 |

NATIONAL LABOR RELATIONS
BOARD,

*Respondent*,

----------------------------------------

SERVICE EMPLOYEES
INTERNATIONAL UNION -
LOCAL 1107,

*Intervenor*.

28-CA-192354
28-CA-193581
28-CA-194185
28-CA-194194
28-CA-194450
28-CA-194471
28-CA-194790
28-CA-195235
28-CA-197426
28-CA-201519

On Petition for Review of an Order of the
National Labor Relations Board

Argued and Submitted December 6, 2023
Pasadena, California

Filed February 20, 2024

Before: Diarmuid F. O'Scannlain and John B. Owens,
Circuit Judges, and Matthew F. Kennelly, District Judge.[*]

Opinion by Judge O'Scannlain

---

[*] The Honorable Matthew F. Kennelly, United States District Judge for
the Northern District of Illinois, sitting by designation.

## SUMMARY[**]

### Labor Law

The panel granted the National Labor Relations Board's application for enforcement, denied Valley Hospital Medical Center, Inc.'s petition for review, and enforced the Board's order finding that the Hospitals engaged in an unfair labor practice by unilaterally ceasing union dues checkoff.

Employees who wished to authorize dues checkoff signed a written assignment authorizing the Hospitals to deduct and to remit the employees' union dues to the Union. After the collective bargaining agreements expired, the Hospitals ceased union dues checkoff because the employees' written assignments did not include express language concerning revocability upon expiration of the collective bargaining agreements. Reversing an earlier decision, the Board held that the National Labor Relations Act prohibits employers from unilaterally ceasing dues checkoff after the expiration of a collective bargaining agreement. The Board reasoned that the Taft-Hartley Act did not require specific language in the employees' written assignments, so the Hospitals could not rely on that statute to justify their unilateral action.

The Hospitals argued that they did not engage in an unfair labor practice because the written assignment signed by their employees did not comply with the Taft-Hartley Act. The Taft-Hartley Act prohibits employers from paying unions, but Section 302(c)(4) creates an exception

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

permitting dues checkoff with the conditions that participating employees must authorize dues checkoff in a written assignment and must be given an opportunity to revoke that assignment at least once a year and upon expiration of the applicable collective bargaining agreement. At issue is whether an employee's checkoff assignment must reflect section 302(c)(4)'s revocability requirements. The panel held that nothing in section 302(c)(4)'s language dictates the terms that must be used in a written assignment. Accordingly, the Hospitals were not required by the Taft-Hartley Act to cease dues checkoff, and the Board correctly applied the law to determine that the Hospitals committed an unfair labor practice by unilaterally ceasing union dues checkoff.

## COUNSEL

Eric Weitz (argued) and Micah P. Stoltzfus Jost, Attorneys; Kira D. Vol, Supervisory Attorney; David Habenstreit, Assistant General Counsel; Ruth E. Burdick, Deputy Associate General Counsel; Peter S. Ohr, Deputy General Counsel; Jennifer A. Abruzzo, General Counsel; National Labor Relations Board, Washington, D.C.; for Petitioner.

Thomas H. Keim, Jr. (argued), Ford Harrison LLP, Spartanburg, South Carolina; Proloy K. Das, I, Ford Harrison LLP, Hartford, Connecticut; Tammie Rattray, Ford Harrison LLP, Tampa, Florida; for Respondents.

Jonah J. Lalas (argued) and Eli Naduris-Weissman, Rothner Segall & Greenstone, Pasadena, California, for Intervenor Service Employees International Union – Local 1107.

# OPINION

O'SCANNLAIN, Circuit Judge:

We must decide whether written assignments that authorize union dues checkoff must expressly recite revocation opportunities guaranteed by the Taft-Hartley Act.

## I

## A

Service Employees International Union, Local 1107 ("the Union") represents employees at Desert Springs Hospital Medical Center and Valley Hospital Medical Center ("the Hospitals"). The Union and the Hospitals entered into collective bargaining agreements that included checkoff provisions requiring the Hospitals to deduct union dues from participating employees' paychecks and to remit those dues to the Union. Employees who wished to authorize dues checkoff signed a written assignment authorizing the Hospitals to deduct and to remit the employees' union dues to the Union.

After the agreements expired, the Hospitals continued dues checkoff for several months. Then the Hospitals notified the Union that the employees' written assignments did not include express language concerning revocability upon expiration of the collective bargaining agreement. The Hospitals believed this omission violated the Labor Management Relations Act, also known as the Taft-Hartley Act. *See* 29 U.S.C. § 186(c)(4). The employees'

assignments (titled "Checkoff Authorization") stated, in part:

> This authorization shall remain in effect and shall be irrevocable unless I revoke it by sending written notice to both the Employer and the Union by registered mail during a period from October 1-15 on each year of the agreement and shall be automatically renewed as an irrevocable check-off from year to year unless revoked as hereinabove provided, irrespective of whether I am a Union member.

Nine days after notifying the Union, the Hospitals ceased dues checkoff. The Union filed unfair labor practice charges, the General Counsel of the National Labor Relations Board ("the Board") filed a complaint, and an Administrative Law Judge determined that the Hospitals had committed an unfair labor practice by unilaterally ceasing dues checkoff.

The Board, relying on its decision in a related case, *Valley Hospital I*, determined that the Hospitals had no obligation under the National Labor Relations Act ("NLRA") to continue dues checkoff after the collective bargaining agreements expired. *Valley Health Sys., LLC*, 369 N.L.R.B. No. 16, slip op. at 3 (2020) (citing *Valley Hosp. Med. Ctr., Inc.*, 368 N.L.R.B. No. 139 (2019) ("*Valley Hospital I*")). We granted the Union's petition for review and remanded the case because the Board failed to explain adequately its decision in *Valley Hospital I*. *SEIU Local 1107 v. NLRB*, 832 F. App'x 514 (9th Cir. 2020).

Considering the related case on remand, *Valley Hospital II*, the Board reversed its earlier decision and determined that the NLRA prohibits employers from unilaterally ceasing dues checkoff after expiration of a collective bargaining agreement. *Valley Hosp. Med. Ctr., Inc.*, 371 N.L.R.B. No. 160 (2022) ("*Valley Hospital II*"). Following *Valley Hospital II*, the Board in this case concluded that the Hospitals engaged in an unfair labor practice by unilaterally ceasing dues checkoff. *Valley Health Sys., LLC*, 372 N.L.R.B. No. 33, slip op. at 5-6 (2022). The Board reasoned that the Taft-Hartley Act did not require specific language in written assignments, so the Hospitals could not rely on that statute to justify their unilateral action. *Id.* at 3. The Board now applies for enforcement, and one of the Hospitals petitions for review.

**B**

The NLRA requires employers and unions to bargain collectively over "terms and conditions of employment," including dues checkoff. 29 U.S.C. § 158(d); *Tribune Publ'g Co. & Graphic Commc'ns Int'l*, 351 N.L.R.B. 196, 197 (2007), *enforced*, 564 F.3d 1330 (D.C. Cir. 2009). An employer commits an unfair labor practice by unilaterally changing terms and conditions of employment during negotiations after a collective bargaining agreement expires. 29 U.S.C. § 158(a); *Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190, 198 (1991). In a concurrently filed opinion, we enforced the Board's order in *Valley Hospital II* that concluded an employer commits an unfair labor practice by unilaterally ceasing dues checkoff after expiration of the collective bargaining agreement. *Valley Hosp. Med. Ctr., Inc. v. NLRB*, Nos. 22-1804, 22-1978, ___ F.4th ___ (9th Cir. 2024).

## II

The Hospitals raise three arguments. Two arguments concern the Board's decision and order in *Valley Hospital II*, and we addressed such arguments in our concurrently filed opinion. *Id.* Accordingly, we consider only the Hospitals' third argument concerning the Taft-Hartley Act.

The Hospitals argue that they did not engage in an unfair labor practice by ceasing dues checkoff because the assignments signed by their employees did not comply with the Taft-Hartley Act.[1] We review de novo the Board's interpretation of the Taft-Hartley Act. *Delta Sandblasting Co., Inc. v. NLRB*, 969 F.3d 957, 965-66 (9th Cir. 2020).

The Taft-Hartley Act prohibits employers from paying unions, 29 U.S.C. § 186(a)(2), and criminalizes willful violations made with the intent to benefit the employer or

---

[1] We observe, as the Board and the Union note, that the Hospitals' briefing of this argument does not fully comply with the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 28(a)(5) (a brief must include a statement of the issues presented for review), 28(a)(8)(B) (a brief must include the standard of review for each issue). Under Ninth Circuit Rule 28-1(a), we may strike the argument. We decline to do so because the Hospitals have sufficiently presented their argument for us to rule on, and the deficiencies have not misled the other parties or this court. *Bhd. of Locomotive Firemen & Enginemen v. Butte, Anaconda & Pac. Ry. Co.*, 286 F.2d 706, 710 (9th Cir. 1961) (discussing requirements for briefs imposed then by Ninth Circuit Rule 18); *see also N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir. 1997) ("By and large, we have been tolerant of minor breaches of one rule or another."); *Cuevas v. De Roco*, 531 F.3d 726, 728 n.1 (9th Cir. 2008) (per curiam) (declining to strike a brief which "despite some inaccuracies, adequately states [the litigants'] case").

union, *id.* § 186(d)(1).    Section 302(c)(4) creates an exception permitting dues checkoff with conditions:

> The provisions of this section shall not be applicable . . . (4) with respect to money deducted from the wages of employees in payment of membership dues in a labor organization:  *Provided*, That the employer has received from each employee, on whose account such deductions are made, a written assignment which shall not be irrevocable for a period of more than one year, or beyond the termination date of the applicable collective agreement, whichever occurs sooner.

29 U.S.C. § 186(c)(4).    Section 302(c)(4) requires participating employees to authorize dues checkoff in a written assignment, and the statute provides employees an opportunity to revoke that assignment at least once per year and upon expiration of the applicable collective bargaining agreement. *NLRB v. Atlanta Printing Specialties & Paper Prods. Union 527*, 523 F.2d 783, 785 (5th Cir. 1975).  The question then becomes whether an employee's checkoff assignment must reflect section 302(c)(4)'s revocability requirements.[2]

Nothing in section 302(c)(4)'s language dictates the terms that must be used in a written assignment.  This omission contrasts with the provision's statutory neighbor, section 302(c)(5).  There, Congress allowed employers to contribute to certain employee trust funds, "*Provided*,

---

[2] Written assignments are often referred to as "authorizations."  We use the term "assignment" to be consistent with the statute.

That . . . (B) the detailed basis on which such payments are to be made is specified in a written agreement . . . [and] such agreement provides that the two groups shall agree on an impartial umpire [to decide certain disputes] . . . and shall also contain provisions for an annual audit of the trust fund . . . ." 29 U.S.C. § 186(c)(5). "Where Congress employs different language in related sections of a statute we presume these 'differences in language . . . convey differences in meaning.'" *Lopez v. Sessions*, 901 F.3d 1071, 1077-78 (9th Cir. 2018) (quoting *Wis. Cent. Ltd. v. United States*, 138 S. Ct. 2067, 2071 (2018)). Congress knew how to require specific terms in a document, and it did not require any specific language in section 302(c)(4).

Interpreting a similar statute, the Supreme Court held that a dues checkoff agreement could not restrict employees' statutory revocation opportunities. *See Felter v. S. Pac. Co.*, 359 U.S. 326, 330 (1959). The Railway Labor Act authorizes dues checkoff in a provision like section 302(c)(4). *See* 45 U.S.C. § 152, Eleventh (b).[3] In *Felter*, the Court held that an employee's written revocation was valid, even though it was not on the form required by the dues checkoff agreement between the union and the carrier. 359 U.S. at 329-30. The Court reasoned that Congress denied unions and carriers the authority "to reach terms which

---

[3] The provision permits dues checkoff from carriers to unions:

> *Provided*, That no such agreement shall be effective with respect to any individual employee until he shall have furnished the employer with a written assignment to the labor organization of such membership dues, initiation fees, and assessments, which shall be revocable in writing after the expiration of one year or upon the termination date of the applicable collective agreement, whichever occurs sooner.

would restrict the employee's complete freedom to revoke an assignment" when allowed by the Railway Labor Act. *Id.* at 333.

Similarly, the Fifth Circuit held that the Taft-Hartley Act guaranteed employees a revocation opportunity upon expiration of the original collective bargaining agreement, even when the employer and the union extended the agreement. *Atlanta Printing*, 523 F.2d at 787; *see also id.* at 788 ("This statutorily guaranteed right may not be abrogated by the extension of the bargaining agreement by the union and the employer.").

The Union and the Hospitals could not modify employees' statutory revocation rights, and section 302(c)(4), unlike section 302(c)(5), does not require specific recitals in written assignments. Thus, we conclude that the Hospitals were not required by the Taft-Hartley Act to cease dues checkoff. The Board, relying on *Valley Hospital II*, correctly applied the law to determine that the Hospitals committed an unfair labor practice by unilaterally ceasing dues checkoff.

## III

For the foregoing reasons and those stated in the concurrently filed opinion, we GRANT the Board's application for enforcement, DENY the cross-petition for review, and ENFORCE the Board's order in full.

**APPLICATION GRANTED; CROSS-PETITION DENIED; ORDER ENFORCED.**