SUSAN N. HEDINGER, Appellee, v. KARL E. HERWEH et ux., Appellants.

No. 47275.

(Reported in 34 N. W. 2d 202)

OCTOBER 19, 1948.

Clarence I. Spencer, of Des Moines, for appellants.

Oliver H. Miller, of Des Moines, for appellee.

MULRONEY, J.—The defendants appeal from a judgment rendered against them in a chattel mortgage foreclosure action. Their original answer and counterclaim alleged "that they did.

sign three promissory notes secured by a chattel mortgage on certain personal property substantially as alleged in the petition" but claimed damages by reason of plaintiff's breach of a lease between plaintiff and defendants. The trial court held, and we think rightly, that successive amendments to defendants' answer failed to constitute denials of the genuineness of their signatures, within Rule 100, Rules of Civil Procedure, and sustained plaintiff's motion for default. Thereafter plaintiff filed answer to the defendants' counterclaim and later, at the request of plaintiff, the trial court entered a judgment and decree in favor of plaintiff and against defendants for the full amount due on the promissory notes, including attorney fees and costs. During the course of the pleading the mortgaged chattels had been sold under stipulation of the parties whereby defendants had deposited cash in the clerk's office, in lieu of the property. The judgment and decree provided that the clerk satisfy plaintiff's judgment from the cash deposited and turn over the balance to defendants. It further provided that the cause be continued for further proceedings with respect to the counterclaim and "in the event of appeal" the cash deposit was not to be used to satisfy the judgment but further proceedings would be stayed.

We believe the single question in the case is whether the plaintiff was entitled to have judgment before disposition of the counterclaim. We are convinced he was not, and the cause should be reversed.

 While a counterclaim is an offensive pleading and its function is not to defeat plaintiff's action, it is also a defensive plea in the sense that it seeks to defeat or diminish plaintiff's recovery. It does not controvert the plaintiff's claim or seek to defeat it as a cause of action but it meets the claim by opposing to it a demand on the part of the defendant to the end that a complete determination of the right to and amount of recovery be had in the same action.

Rule 72, Iowa Rules of Civil Procedure, provides that the answer "may contain a counterclaim which must be in a separate division." The language of the rule in this respect is about the same as the provisions which have been in all of our Codes, including the Code of 1873 (section 2655, subsection 6).

In the case of Town v. Bringolf, 47 Iowa 133, 134 (decided in 1877), the defendant's answer admitted the due executions of the instruments sued upon but counterclaimed for wrongful attachment. The plaintiff's motion for a default judgment for the amount sued upon was denied and upon appeal the ruling was affirmed, the opinion stating:

"Section 2655 of the Code provides that the answer shall contain a statement of any new matter constituting a counterclaim. A counterclaim is thus, by express provision of statute, made an *answer* to the original petition * * * defendants had not failed to answer as to the original petition, when judgment was asked against them."

In Yarger v. Chicago, Milwaukee & St. Paul Ry. Co., 78 Iowa 650, 652, 43 N. W. 469, we said:

"In a sense it [a counterclaim] is a defense to the action, and a plaintiff would not be entitled to judgment because the cause of action set out in his petition is not denied if a counterclaim be pleaded."

See, also, Bryant v. Mundorf, 189 Iowa 882, 179 N. W. 125.

Plaintiff was entitled to the entry of default against defendants, for want of a pleading controverting his action. The judgment should await the trial of the issues raised by the counterclaim and answer thereto.

For the reasons stated, the judgment is reversed and the cause remanded for trial on the counterclaim.—Reversed and remanded.

All JUSTICES concur.