VERA FAY FOLKNER, appellant, v. ROY COLLINS et ux., appellees.

No. 49423.

(Reported in 91 N.W.2d 545)

1142

JULY 28, 1958.

Lundy, Butler, Lundy & Wilson, of Eldora, for appellant.

Pell & Tye, of Marshalltown, for appellees.

WENNERSTRUM, J.—The plaintiff originally brought an action in equity to collect the balance due on a promissory note and to foreclose a real-estate mortgage. The defendants filed an answer wherein they admitted the giving of the note and mortgage but denied there was any amount due by reason of facts set forth in a counterclaim incorporated in the answer. It was pleaded therein the defendants are entitled to damages for alleged fraud of the plaintiff by reason of claimed misrepresentation of the property sold to the defendants. In the counterclaim they made a demand for a jury trial on the issues there raised.

Rule 177, Rules of Civil Procedure. The plaintiff in her reply resisted for the reason the original action was one in equity. Thereafter the defendants filed a motion for separate trial on the law issues raised in the counterclaim. This claimed right was denied by the plaintiff. After a hearing relative to the motion and the presentation of some evidence pertaining to matters involved in the motion the trial court ruled the defendants' counterclaim should be tried as an ordinary action, triable to a jury. The plaintiff has appealed, permission for an interlocutory appeal having been given by this court. Rule 332, R. C. P.

The controlling issue now presented is whether the trial court's ruling permitting a jury trial on the counterclaim was correct. Consequently we do not deem it necessary to set out the allegations pleaded therein.

█ I. It is conceded by all parties the counterclaim pleaded by the defendants was of a compulsory nature. Rule 29, R. C. P. Therefore it was necessary for the defendants to plead their counterclaim for damages in their answer filed in the equity action. In re Estate of Hoelscher, 249 Iowa 444, 449, 450, 87 N.W.2d 446, 450.

II. Rule 186, R. C. P., provides: "In any action the court may, for convenience or to avoid prejudice, order a separate trial of any claim, counterclaim, cross-claim, or of any separate issue of fact, or any number of any of them. Any claim against a party may be thus severed and proceeded with separately."

In the case of In re Estate of Gerdes, 245 Iowa 778, 785, 62 N.W.2d 777, 781, we held: "* * * rule 186 authorizes the court to order separate trials of claims or issues of facts. Under these rules the court may thus dispose of any such point or issue." In the cited case it was held the trial court had not committed error in requiring there be tried separately the issue whether the intervenors had any interest in a decedent's estate. Although in the cited case we did not directly pass on the question presented in the instant one we inferentially did.

Rule 177, R. C. P., which relates to demand for jury trial is in part as follows: "(a) * * *.

"(b) A party desiring jury trial of an issue must file a written demand therefor, either by indorsement on his pleading, or within ten days after the last pleading directed to that issue.

"(c) Unless limited to a specific issue, every such demand shall be deemed to include all issues triable to a jury. * * *."

Rule 186, R. C. P., is substantially the same as rule 42(b) of the Federal Rules of Civil Procedure and rule 177 is also similar except in matter of form to rule 38 and part of rule 39 of the Federal rules. We shall not set them out but a study discloses the similarity to the Iowa rules heretofore mentioned.

Rule 29, R. C. P., pertains to a compulsory counterclaim: "A pleading must contain a counterclaim for every cause of action then matured, and not the subject of a pending action, held by the pleader against any opposing party and arising out of the transaction or occurrence that is the basis of such opposing party's claim, unless its adjudication would require the presence of indispensable parties of whom jurisdiction cannot be acquired. A final judgment on the merits shall bar such a counterclaim, although not pleaded." The last quoted rule is similar in substance to Federal rule 13(a).

Rule 72, R. C. P., which relates to matters to be pleaded in an answer is as follows: "The answer shall show on whose behalf it is filed, and specifically admit or deny each allegation or paragraph of the petition, which denial may be for lack of information. It must state any additional facts deemed to show a defense. It may raise points of law appearing on the face of the petition to which it responds. It may contain as many defenses, legal or equitable, as the pleader may claim, which may be inconsistent. It may contain a counterclaim which must be in a separate division."

Concerning the procedure to be followed where a law action counterclaim is filed in an equity action for the foreclosure of a chattel mortgage we held in Hedinger v. Herweh, 239 Iowa 1146, 1147, 1148, 34 N.W.2d 202, 203:

"While a counterclaim is an offensive pleading and its function is not to defeat plaintiff's action, it is also a defensive plea in the sense that it seeks to defeat or diminish plaintiff's recovery. It does not controvert the plaintiff's claim or seek to defeat it as a cause of action but it meets the claim by opposing to it a demand on the part of the defendant to the end that a

complete determination of the right to and amount of recovery be had in the same action. * * *

"* * * The judgment should await the trial of the issues raised by the counterclaim and answer thereto."

The procedure suggested in the cited case was followed by the trial court in the present action. It there stated: "* * * the Court will take under advisement the issues presented by the trial of the issues in the main case and will probably defer determination thereof, or at least will defer the entry of judgment until after determination of the counterclaim, or so rule that if judgment be entered on the counterclaim in favor of defendants and against plaintiff, that the same shall have its proper effect upon any amount of judgment to which the plaintiff may be entitled to recover with the same force and effect as if both of said matters had been determined at the same time."

■ It is our conclusion, under our cited rules and such applicable interpretation of them as we have made, the trial court was justified and correct in making the ruling it did relative to a separation for trial of the law issues and the trial of them by a jury.

III. Federal rule 13(a) of the Federal Rules of Civil Procedure deals with compulsory counterclaims and as previously stated is similar to rule 29 of our Rules of Civil Procedure. Although we must interpret our own rules we held in In re Estate of Hoelscher, 249 Iowa 444, 450, 87 N.W.2d 446, 450: "Inasmuch as the Iowa rule 29, R. C. P., is based on a Federal rule of the same nature the interpretation by Federal courts of the Federal rule is highly persuasive. Best v. Yerkes, 247 Iowa 800, 812, 77 N.W.2d 23, 33."

■ Consequently we shall give consideration to the decisions made by Federal courts in interpreting the Federal rules in situations similar to the one presented in this appeal.

In Union Central Life Ins. Co. v. Burger, 27 F. Supp. 554, 555, it is stated: "Rule 13(a) Rules of Civil Procedure, 28 U.S.C.A. following section 723c, now makes it compulsory to plead a legal as well as an equitable counterclaim 'if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim' (see Notes of Advisory Commit-

tee on Rules). The defendants were, therefore, required to set up their legal counterclaim in the answer. In thus doing what they were compelled to do, I do not think that they should be held to have waived a jury trial. It has, however, always been recognized that in cases of this kind, the equity issue should be disposed of first; Jefferson Standard Life Ins. Co. v. Keeton, 4 Cir., 292 F. 53; American Mills Co. v. American Surety Co., supra, 260 U. S. at page 364, 43 S. Ct. at page 149, 67 L. Ed. 306. This probably will determine all of the issues in the case. If it does not, the defendants may proceed with their law action on the counterclaim."

The case of Morrison-Knudsen Co., Inc. v. Wiggins, 13 F. R. D. 304, 305, also has an applicable comment:

"Since the adoption of the Federal Rules of Civil Procedure, 28 U.S.C. the Federal Courts have held in a number of instances that trial of legal issues so raised by the defendant should be tried by jury. Prudential Insurance Co. of America v. Saxe, 1943, 77 U.S.App.D.C. 144, 134 F.2d 16; Beaunit Mill, Inc., v. Eday Fabric Sales Corp., 2 Cir., 1942, 124 F.2d 563; U. S. Fidelity & Guaranty Co. v. Janich, D.C.Cal.1943, 3 F. R. D. 16; Judson v. Buckley, D.C.S.D.N.Y.1940, 31 F. Supp. 246, reversed in part 2 Cir., 130 F.2d 174 (without considering this issue), certiorari denied 317 U.S. 679, 63 S. Ct. 161, 87 L. Ed. 545; Bendix Aviation Corp. v. Glass, D.C. Pa. 1948, 81 F. Supp. 645, 646, affirmed 3 Cir., 195 F.2d 267 (this point not considered on appeal).

" '* * * Now, however, legal as well as equitable counterclaims must be asserted provided they fall within the "transaction or occurrence" purview of Rule 13(a). Rule 38(b) would appear to sanction the making of a jury demand in such a connection, and it has been said that the older cases, holding that filing a legal counterclaim in an equitable action waives a jury, are no longer applicable under the one form of action practice of the new Rules.' "

And in In re Nathan, 98 F. Supp. 686, 690, the court held: "Second, the counterclaim at bar is 'a legal one', see Schoenthal v. Irving Trust Co., supra, 287 U. S. at pages 94-95, 53 S. Ct. 50, 77 L. Ed. 185, for which the creditor 'may have his action

at law and his trial by jury secured him by the Seventh Amendment of the Constitution'. American Mills Co. v. American Surety Co., supra, 260 U. S. at pages 264-265, 43 S. Ct. 149, 151, 67 L. Ed. 306."

By reason of the similarity of the respective rules we are justified in giving persuasive consideration to the Federal decisions.

IV. We have reviewed the authorities cited by the plaintiff. Virtually all of them were decided prior to the enactment of our Rules of Civil Procedure (1943). We do not deem them controlling in this appeal. We have given particular attention to the case of Simpson v. Bostwick, 248 Iowa 238, 243, 80 N.W.2d 339, 343. This case does not present the same issues involved in the present appeal and the statements therein made are not here applicable. It is true the purpose of the rules was to make possible the expeditious trial of cases. However, we cannot, under the theory of hastening the trial of a case, deny a party the right to a jury trial of issues properly triable at law.

It is our holding the spirit and intent of our rules justify our approval of the ruling of the trial court and the procedure followed by it. It is therefore affirmed.—Affirmed.

All JUSTICES concur.