INTERNATIONAL MILLING COMPANY, INC., appellee, v. LAWRENCE I. GISCH and NINA M. GISCH, appellants.

No. 51405.

(Reported in 129 N.W.2d 646)

JULY 16, 1964.

Eldon J. Winkel, of Algona, and Alan Loth, of Fort Dodge, both for appellants.

Linnan, Lynch & Straub and Hutchison, Hutchison & Andreasen, all of Algona, for appellee.

SNELL, J.—This is an appeal by a defendant-counterclaimant from a summary judgment rendered against him and his counterclaim.

Plaintiff sued in equity on a series of notes and to foreclose a chattel mortgage. Defendants answered and counterclaimed at law for damages alleging fraud.

Nina M. Gisch, named as a defendant, is the wife of de-

fendant Lawrence I. Gisch. No claim of personal liability was made against her. For convenience Lawrence I. Gisch will be referred to as the defendant. The issues here involve his counterclaim.

Our problem is the propriety of the summary judgment against the counterclaimant. There has been no trial on the tendered issues. Appellant claims he is entitled to a trial. Our problem is limited to that issue.

Defendant is a farmer and for several years prior to 1961 had been a turkey raiser.

1961 was a disastrous year in the turkey business. This case is an aftermath.

Plaintiff, International Milling Company, Inc., furnishes turkey poults, feed, supplies and financing for raisers. For some years plaintiff and defendant had done business with each other and did so in 1961. Plaintiff furnished turkey poults and extended credit to defendant. A chattel mortgage secured the credits advanced to defendant.

As credits were advanced for and during the 1961 season defendant signed written instruments on forms furnished by plaintiff. These instruments were entitled "Delivery Invoice and Promissory Note; Turkey Financing." Among the provisions therein was a promise to pay.

On July 10, 1962, plaintiff sued in equity on notes aggregating $37,649.99 and sought foreclosure of its chattel mortgage. This was apparently the deficiency or loss from the 1961 turkey raising venture.

Defendant answered and counterclaimed at law alleging fraud and damage incident thereto. This was a compulsory counterclaim under rule 29, Rules of Civil Procedure. It arose out of the same transaction.

Defendant demanded jury trial at law on the counterclaim. Defendant's motion was sustained. The counterclaim was separated for trial and transferred to law.

In April 1963 discovery depositions of defendant and some of plaintiff's representatives were taken.

At a Pretrial Conference on September 13, 1963, it was agreed and ordered among other matters that defendant ad-

mitted the execution of the notes and the obligation to plaintiff of $38,504.19 (this amount apparently included some interest), except for the defenses set out in his answer and counterclaim. Plaintiff's chattel mortgage security was not disputed except as to matters not now involved. The record then provided:

"That entry of judgment on plaintiff's claim will be withheld until after determination of the counterclaim by a jury, so that, in effect, all matters will be determined at the same time as prescribed in Folkner v. Collins, 249 Iowa 1141.

"This agreement shall not prejudice defendant's rights or be in evidence at the trial of the counterclaim."

On November 16, 1963, plaintiff filed Motion for Summary Judgment. It alleged that (1) plaintiff was entitled to judgment as a matter of law; (2) there was no genuine issue; (3) as agreed at pretrial conference plaintiff was entitled to judgment unless defendant can establish defenses on the answer and counterclaim and that the defenses could not be established; (4) that prior or contemporaneous agreements could not contradict or vary the written agreements; (5) that evidence in support of the counterclaim would vary and contradict the written instruments and could not be introduced; (6) evidence in support of the counterclaim being barred no issue is presented.

Plaintiff's motion was supported by affidavit.

Detailed resistance supported by affidavit was filed by defendant.

Plaintiff's motion for summary judgment on plaintiff's claim and against defendant's counterclaim was sustained by the court. The ruling was based on the record and the discovery depositions taken prior to the pretrial conference. Defendant-counterclaimant has appealed.

I. The original case was in equity. The counterclaim was at law. The trial court so held and ordered a separate trial at law. The ruling was correct. See Folkner v. Collins, 249 Iowa 1141, 91 N.W.2d 545. We are now concerned with the judgment against the counterclaim by summary judgment in the law action.

II. Rule 237, Rules of Civil Procedure, provides:

"On what claims. Summary judgment may be entered in an action, upon any claim therein, which is either:

"(a) To recover a debt, or some other money demand which is liquidated, with or without interest arising on a negotiable instrument, or on a recognizance, or on a judgment for a stated sum, or on any contract, express or implied, except quasi contract; or

"(b) To recover a sum under a statute fixing its amount or creating a liability in the nature of a contract; or

"(c) On a guaranty of a debt, or of some other claim that is liquidated; or

"(d) To recover specific chattels, with or without damages for their detention, but any such claim for more than nominal damages which is unliquidated, may be severed and retained for separate trial as provided in rule 186, or

"(e) To quiet or settle title to real estate or any interest therein; or

"(f) To discharge an invalid lien or mortgage."

Rule 238, Rules of Civil Procedure, provides that a *plaintiff* seeking a summary judgment may do so by motion and affidavit. (Emphasis added.)

The rule sets out the procedure for disposition of a motion for summary judgment. Judgment shall be entered as prayed unless "the defendant resists it with affidavits showing facts which the court deems *sufficient to permit him to defend*." (Emphasis added.)

 It should be kept in mind that there may be a right to defend without a determination that there is sufficient evidence to prevail.

Under appropriate circumstances there are methods for the disposition of cases other than by trial. Judgment by default or by motion to dismiss or for want of prosecution might be cited as examples. However, the only provisions for the entry of summary judgments are found in rules 237 and 238. Unless the moving party can bring himself within these rules summary judgment procedure is not available. Here the moving party was not within the rule.

■ The rules authorize the procedure on certain claims by a plaintiff. The procedure is by way of offense against frivolous or nonexistent defenses. The procedure is not defensive and there is nothing in the rules making it available as a defense or to a defendant.

Neither the rules nor our pronouncements makes the procedure available to a defendant as a defense.

■ Judgment on the pleadings is not unique but we find no authority for the entry of a final judgment against a claimant in a summary judgment proceeding. Cases cited by appellee are not controlling.

Weik v. Ace Rents Incorporated, 249 Iowa 510, 87 N.W.2d 314, was not a summary judgment proceeding and rules 237 and 238 were not involved. There was a judgment on the pleadings showing a written waiver of defense.

Credit Industrial Co. v. Happel, Inc., 252 Iowa 213, 106 N.W.2d 667, involved the entry of summary judgment in favor of a claim based on trade acceptances. The issue did not involve the right to summary judgment against a claimant.

Eaton v. Downey, 254 Iowa 573, 118 N.W.2d 583, reversed and remanded a summary judgment entered in favor of plaintiff. The right of a defendant to prevail at the trial was not determined.

Bjornsen Construction Co. v. J. A. Whitmer & Sons, 254 Iowa 888, 119 N.W.2d 801, affirmed the entry of summary judgment on a promissory note. No legal defense was disclosed and there was no such issue as we have here.

It is clear that under our rules summary judgment procedure is available to but not against an affirmative claim. The situation should not be confused with the federal rules which are different.

Defendant seeking affirmative relief on his counterclaim was, with regard thereto, the claimant or plaintiff. On the counterclaim the plaintiff was the defendant.

"While a 'plaintiff' is ordinarily the party who initiates the action by filing the petition, a defendant who seeks affirmative relief by a cross-action is frequently held to be a plaintiff for such purpose. Such a party is a 'plaintiff' with regard to

his counterclaim in the sense that he is the claimant or moving party who has asserted a cause of action. And, with respect to that cause of action, the party against whom relief is sought is a defendant. 32 Words and Phrases, Perm. Ed., 605–607; 48 C. J. 1219. See, also, Grimes v. Kelloway, 204 Iowa 1220, 1226, 216 N.W. 953." Kriv v. Northwestern Securities Co., 237 Iowa 1189, 1194, 24 N.W.2d 751, 754.

On the counterclaim plaintiff was the defendant and was not a proper party to move for summary judgment.

III. At the pretrial conference it was agreed "that entry of judgment on plaintiff's claim will be withheld until after determination of the counterclaim by a jury." Under rule 138, Rules of Civil Procedure, this controlled the subsequent course of action unless modified to prevent manifest injustice. This pretrial agreement was apparently ignored. It is true that it would not prevent the entry of a directed verdict nor require the unwarranted submission of the case to the jury, but it did recognize the existence of an affirmative claim under the counterclaim and, if supported by admissible evidence, the existence of a jury issue. It refutes the idea that the issues could be determined on plaintiff's motion for summary judgment.

IV. Rule 237, quoted supra, in Division II, outlines the kind and nature of claims subject to disposition by summary judgment. In the case before us the counterclaim is an unliquidated claim for damages based on allegations of fraud. Such a claim is not within the subject matters included in the rule. Fraud is not within the purview of the rule.

Our first duty is to inquire whether the claim is within the rule. Petit v. Ervin Clark Construction Inc., 243 Iowa 118, 125, 49 N.W.2d 508. Having determined that the claim is not within the subject matter included in the rule it necessarily follows that there can be no summary judgment relative thereto.

V. The showing of a good faith defense defeats the right to summary judgment. Eaton v. Downey, supra.

Our summary judgment rules are more limited than the federal rules but certain holdings are pertinent.

In Dulansky v. Iowa-Illinois Gas & Electric Co., 191 F.2d 881, 883, it is said:

"The proceeding on motion for summary judgment is in the nature of an inquiry in advance of the trial for the purpose of determining whether there is a genuine issue of fact and not for the purpose of determining an issue of fact. [Citations]

"As a summary judgment presupposes that there is no genuine issue of fact, findings of fact and conclusions of law are not required. It was not the purpose of this rule to require a party to try his case on affidavits with no opportunity to cross-examine witnesses; in fact, only in a rare case can it be determined by affidavit that the evidence available will be such as to entitle the movant, if the case were tried on its merits to a jury, to a directed verdict because there has been no opportunity to cross-examine the witnesses."

In Walling v. Fairmont Creamery Co., 139 F.2d 318, 322, it is said:

"On a motion for a summary judgment the burden of establishing the nonexistence of any genuine issue of fact is upon the moving party, all doubts are resolved against him, and his supporting affidavits and depositions, if any, are carefully scrutinized by the court. The object of the motion is to separate the formal from the substantial issues raised by the pleadings, and the court examines evidence on the motion, not to decide any issue of fact which may be presented, but to discover if any real issue exists."

The federal rule authorizes consideration of depositions. We find no such provision in the Iowa rule.

"Material issues of fact may not be tried and determined on motions for summary judgment." Kasper v. Baron, 191 F.2d 737, 739.

"If the pleadings raise a genuine issue of fact, material to the dispute between the parties, a summary judgment should not be entered." Parmelee v. Chicago Eye Shield Co., 157 F.2d 582, 585.

"It is, of course, academic that a motion for summary judgment should never be granted if there remains in the case a genuine issue of material fact." United States v. United Marketing Association, 291 F.2d 851, 853.

The trial court in ruling on the motion for summary judg-

ment went beyond the scope of our rule and held that the counterclaimant could not prove his claim by admissible evidence. This was a determination of the right to prevail. It was more than a determination that there was or was not an issue.

VI. How or whether counterclaimant will be able to establish his claim is not a question presently before us and we express no opinion relative thereto.

There was a justiciable issue on which claimant was entitled to be heard. Plaintiff, as defendant on the counterclaim, was not eligible to move for summary judgment. The subject matter involved was not within the scope of rules 237 and 238, Rules of Civil Procedure.

The case is reversed and remanded for further proceedings. —Reversed and remanded.

All JUSTICES concur except HAYS, J., not sitting.