**FARM SERVICE COMPANY OF EMMETS-BURG, an Iowa Corporation, Appellee,**

v.

**Herman ASKELAND, Sr., Appellant.**

No. 53267.

Supreme Court of Iowa.

July 24, 1969.

Fitzgibbons & Fitzgibbons, Estherville, for appellant.

Hutchison, Buchanan, Andreasen & McClure, Algona, for appellee.

BECKER, Justice.

Plaintiff sued defendant on account for $193.63. Defendant denied all allegations except those establishing residence of the parties and corporate nature of plaintiff, and counterclaimed alleging ownership of stock in plaintiff corporation of a value of $185.00 which had been offered and refused as a credit on plaintiff's claim. Summary judgment on the petition was granted on plaintiff's motion. Jurisdiction was specifically retained to consider the merits of the counterclaim. The trial court granted defendant's motion to appeal notwithstanding the fact the amount in controversy is less than $300. We affirm with instructions to stay entry of summary judgment until the counterclaim is adjudicated.

Plaintiff Farm Service Corporation, an Iowa corporation organized to furnish petroleum products, plant food and other supplies to Farm Bureau members in Win-

nebago County, took over the operation of the K & W Farm Service Company, an Iowa corporation, organized for the same purpose but supplying Farm Bureau members in Kossuth County. Plaintiff's petition sets out the agreement under which this transfer was made, including provision to sell K & W Farm Service Company accounts receivable to plaintiff. These accounts receivable are alleged to include the account against defendant. The motion for summary judgment and supporting affidavit state the $193.63 is a liquidated sum and there is no valid defense to the claim.

■ I. The record and defendant's statement of the case both allude to previous court action and a special appearance which was overruled by the court. The court also ruled on the sufficiency of plaintiff's motion for summary judgment and insufficiency of the resistance, citing Eaton v. Downey, 254 Iowa 573, 118 N.W. 2d 583. No assignments of error are based on any of these events. Errors not stated or argued are deemed waived. Rule 344(a) (4) (Third), Iowa Rules of Civil Procedure.

II. This case was determined under rules 237 and 238, R.C.P. as contained in the 1966 Code of Iowa. Changes in the rules submitted by this court to the Sixty-second General Assembly took effect July 1, 1968. This conclusion of the trial court is not contested here and review will be based on rules 237 and 238 as they existed in the 1966 Code.

■ III. Defendant's first assignment of error is premised on the proposition that a summary judgment cannot be allowed where there is a counterclaim on file, citing International Milling Co. v. Gisch, 256 Iowa 949, 129 N.W.2d 646 and rules 237 and 238, R.C.P. International Milling Co. v. Gisch is not controlling. A compulsory counterclaim, arising out of the same transaction on which the petition was bottomed was involved and the motion for summary judgment was for judgment on both the claim and counterclaim. Here

the counterclaim is permissive. It does not arise out of the same transaction. The motion was for judgment on the petition only and was so limited.

We see no reason to withhold ruling on summary judgment on a claim solely because a permissive counterclaim is on file. Since rule 237 has been substantially changed a long analysis of the problem as it pertains to the former rule is fruitless. An annotation found at 8 A.L.R.3d 1361, 1364, correctly states: "If a defendant's counterclaim is found by the court to raise a genuine issue of fact necessitating a trial, the court protects the right of the defendant, * * * by granting plaintiff's motion but staying execution of the judgment pending the determination of defendant's counterclaim, in which case the court may stay enforcement of that judgment pending the determination of defendant's counterclaim, * * *."

IV. Defendant's assertion that plaintiff was not a proper party to move for a counterclaim because it is asking for summary judgment as a defensive measure is without merit. The summary judgment was requested and received on the plaintiff's case, not on the counterclaim.

V. We have held the court was correct in ruling favorably on plaintiff's motion for summary judgment but we agree with defendant on one minor point. The trial court should have stayed entry of summary judgment until the counterclaim was adjudicated. Hedinger v. Herweh, 239 Iowa 1146, 34 N.W.2d 202; Folkner v. Collins, 249 Iowa 1141, 1145, 91 N.W.2d 545; International Milling Co., Inc. v. Gisch, 256 Iowa 949, 952, 129 N.W.2d 646. Again, extended discussion would be frivolous because of the substantial recent changes in rule 234, especially what is now rule 234(d), R.C.P.

VI. While defendant has prevailed on one point, we nevertheless assess the entire costs of appeal against him. This case involved less than the jurisdictional amount affording a right to appeal to this court.

The issue raised could not possibly affect the law for a substantial number of cases because of change in rule 237. Our order to delay entry of a $193.63 judgment is not, of itself, enough to justify division of costs.

This case is affirmed with instructions to delay entry of the summary judgment until the counterclaim is adjudicated.

Affirmed.

All Justices concur.