Gerald F. HARRINGTON and Shirley Ann Harrington, Appellants,

v.

POLK COUNTY FEDERAL SAVINGS AND LOAN ASSOCIATION OF DES MOINES, Appellee.

No. 54849.

Supreme Court of Iowa.

April 13, 1972.

Earl W. Sutton of Sutton & Nielsen, Des Moines, for appellants.

Allan Herrick of Herrick, Langdon, Belin & Harris, Des Moines, for appellee.

MASON, Justice.

Plaintiffs appeal from the trial court's ruling sustaining defendant's motion for summary judgment based on the theory plaintiffs' claim for damages as alleged in a separate law action should properly have been asserted as a counterclaim in a previous equity action and is now barred under rule 29, Rules of Civil Procedure. The correctness of this ruling is presented for determination.

March 28, 1961 plaintiffs, Gerald and Shirley Harrington, executed a note and real estate mortgage to defendant, Polk County Federal Savings and Loan Association of Des Moines. May 13, 1970, the loan association instituted a foreclosure action on the mortgage, hereinafter referred to as suit I. (May 4, 1967, defendant had also initiated a foreclosure action on this mortgage, referred to as equity No. 72288 in Polk district court which was later dismissed, but material to our discussion is equity No. 74420, the 1970 action.) July 23, 1970, plaintiffs brought their own law action, referred to as suit II, asking damages for the alleged wrongful conduct and fraudulent practices of defendant in bringing suit I.

December 1, 1970, judgment was entered in suit I denying foreclosure and reinstating the Harrington loan. One week later defendant moved for summary judgment in suit II contending plaintiffs' action for damages arose out of the same transaction as the foreclosure action, and, since plaintiffs' claim was not brought as a counterclaim in suit I, it is now barred under rule 29, R.C.P. December 28, 1970, the trial court sustained the motion and judgment was entered against Harringtons.

I. Rule 29, R.C.P., the compulsory counterclaim rule, provides:

"A pleading must contain a counterclaim for every cause of action then matured, and not the subject of a pending action, held by the pleader against any opposing party and *arising out of the transaction or occurrence that is the basis of such opposing party's claim,* unless its adjudication would require the presence of indispensable parties of whom jurisdiction cannot be acquired. A final judgment on the merits shall bar such a counterclaim, although not pleaded." (emphasis supplied)

■ Rule 29 compels a defendant to present certain claims for trial in the original action. Its objective is to discourage separate litigations covering the same subject matter by requiring that all logically related claims be brought in the same action through the penalty of precluding the later assertion of omitted claims. Employers Mutual Casualty Company v. Hanshaw, 176 N.W.2d 653, 655, (Iowa 1970).

■ A claim is a compulsory counterclaim as contemplated by rule 29 where it arises out of the transaction or occurrence that is the basis of the opposing party's claim if: (1) it is then matured, (2) it is not the subject of a pending action, (3) it is held by the pleader against the opposing party, and (4) it does not require the presence of indispensable parties of whom jurisdiction cannot be acquired. See Employers Mutual Casualty Company v. Hanshaw, su-

pra, 176 N.W.2d at 656; North Iowa Steel Co. v. Staley, 253 Iowa 355, 356–357, 112 N.W.2d 364, 365; In re Estate of Hoelscher, 249 Iowa 444, 449–450, 87 N.W.2d 446, 450; Comment, Iowa Rules of Civil Procedure, rule 29.

The four elements stated above are fairly clear and do not often provide a battleground for litigation. Rather, argument more frequently centers on the question whether the disputed claim "arises out of the transaction or occurrence that is the basis of [the] opposing parties' claim."

Inasmuch as rule 29 is based on rule 13, Federal Rules of Civil Procedure, the Iowa court has turned to interpretations of the federal courts in an effort to determine the compulsory, vis-a-vis permissive, nature of a counterclaim. See Folkner v. Collins, 249 Iowa 1141, 1145, 91 N.W.2d 545, 547; In re Estate of Hoelscher, supra, 249 Iowa at 450–451, 87 N.W.2d at 450–451; Best v. Yerkes, 247 Iowa 800, 812, 77 N.W.2d 23, 33.

■ Although several tests have been suggested to determine whether a claim "arises out of the same transaction or occurrence," the Iowa court has followed just one: Is there any logical relation between the plaintiff's claim and the counterclaim? In re Estate of Hoelscher, supra, 249 Iowa at 450–451, 87 N.W.2d at 450–451. See also 6 Wright and Miller, Federal Practice and Procedure: Civil, section 1410 at page 42; 1A Barron and Holtzoff (Wright rev. ed., 1961), Federal Practice and Procedure, section 394 at page 571; 3 Moore Federal Practice (1968 ed. and 1969 supp.) section 13.13 at page 33; Wright, Estoppel by Rule: The Compulsory Counterclaim Under Modern Pleading, 39 Iowa L.Rev. 255. The same article by this author appears in 38 Minn.L.Rev. 423.

Indeed, there is now a substantial body of authority supporting this test. See Moore v. New York Cotton Exch., 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750, 757, 45 A.L.R. 1370; Koufakis v. Carvel, 2nd Cir., 425 F.2d 892, 899; Diamond

v. Terminal Railway Alabama State Docks, 5th Cir., 421 F.2d 228, 236; United States v. Southern Construction Company, 6th Cir., 293 F.2d 493, 500, reversed in part 371 U.S. 57, 83 S.Ct. 108, 9 L.Ed.2d 31; Great Lakes Rubber Corporation v. Herbert Cooper Co., 3rd Cir., 286 F.2d 631, 634; Union Paving Company v. Downer Corporation, 9th Cir., 276 F.2d 468, 470; Martin v. Morse Boulger Destructor Company, 2nd Cir., 221 F.2d 218, 222; Lesnik v. Public Industrial Corporation, 2nd Cir., 144 F.2d 968, 975; Brotherhood of Railroad Trainmen v. Denver & R.G.W.R. Co., 31 F.R.D. 297, 298–299; Reconstruction Finance Corp. v. First National Bank, 17 F.R.D. 397, 403; E. J. Korvette Co. v. Parker Pen Company, 17 F.R.D. 267, 268; Rosenthal v. Fowler, 12 F.R.D. 388, 391.

"* * * In any event, of the * * * judicially formulated standards, the logical relation test has by far the widest acceptance among the courts." Wright and Miller, supra, at page 48.

In applying this standard to our case, it is evident plaintiffs' claim for damages is logically related to defendant's foreclosure action; both actions ultimately stem from the mortgage agreement transaction of 1961.

■ II. In arguing their first assignment the court erred in sustaining defendant's motion for summary judgment, plaintiffs do not seriously dispute the conclusion reached in division I, supra, that their claim for damages is logically related to defendant's foreclosure action. Rather, they essentially beg exception from application of rule 29 on the theory their right to appeal would be impaired if their cause of action were deemed a compulsory counterclaim.

Plaintiffs' contention centers on Code chapter 628 dealing with redemption rights of a debtor following a foreclosure sale of mortgaged real estate. Section 628.3 provides the debtor may redeem real property at any time within one year from the day

of sale. Section 628.4, however, states that no party who has taken an appeal from the court, or stayed execution on the judgment, shall be entitled to redeem. The resulting effect of the section, while preventing the unfair extension of the redemption period by delaying tactics, also discourages appeals from the foreclosure decree. See Blum, Iowa Statutory Redemption After Mortgage Foreclosure, 35 Iowa L.Rev. 72, 74–75.

Plaintiffs' written argument comprises just three sentences. As we understand, plaintiffs feel they would have no practical right to appeal an adverse decision on their claim for damages assuming it was a counterclaim in the foreclosure action of suit I. Because an appeal on the judgment vitiates a debtor's right to redemption, plaintiffs would be effectively estopped from appealing their claim for damages. Since they consider this to be an impossible result, plaintiffs claim "that in effect the Code itself requires that a counterclaim in a foreclosure be treated as a permissive counterclaim rather than compulsory counterclaim." For that proposition they cite no authority.

Defendant maintains there is no basis for plaintiffs' position and in support calls attention to two cases cited by plaintiffs, Folkner v. Collins, 249 Iowa 1141, 91 N.W. 2d 545; and Hedinger v. Herweh, 239 Iowa 1146, 34 N.W.2d 202.

In Folkner v. Collins plaintiff initiated an action to foreclose a real estate mortgage and defendants counterclaimed for damages for plaintiff's alleged fraud by reason of misrepresentation of property sold to defendants. Defendants' counterclaim was concededly compulsory. Loc. cit. 249 Iowa at 1143, 91 N.W.2d at 546.

In the course of the opinion, 249 Iowa at 1144–1145, 91 N.W.2d at 547, the court said:

"Concerning the procedure to be followed where a law action counterclaim is filed in an equity action for the fore-

closure of a chattel mortgage we held in Hedinger v. Herweh, 239 Iowa 1146, 1147, 1148, 34 N.W.2d 202, 203: 'While a counterclaim is an offensive pleading, and its function is not to defeat plaintiff's action, it is also a defensive plea in the sense that it seeks to defeat or diminish plaintiff's recovery. It does not controvert the plaintiff's claim or seek to defeat it as a cause of action but it meets the claim by opposing to it a demand on the part of the defendant to the end that a complete determination of the right to and amount of recovery be had in the same action. * * *

"'* * * The judgment should await the trial of the issues raised by the counterclaim and answer thereto.'

"The procedure suggested in the cited case was followed by the trial court in the present action. It there stated: '* * * the Court will take under advisement the issues presented by the trial of the issues in the main case and will probably defer determination thereof, or at least will defer the entry of judgment until after determination of the counterclaim, or so rule that if judgment be entered on the counterclaim in favor of defendants and against plaintiff, that the same shall have its proper effect upon any amount of judgment to which the plaintiff may be entitled to recover with the same force and effect as if both of said matters had been determined at the same time.' "

The Folkner case does not aid defendant to the extent urged by the loan company. Although the opinion articulates procedure (a motion for separate trial) by which the party pleading a compulsory counterclaim can garner a jury trial on his law action by trying those issues prior to and before the equitable proceedings on the foreclosure action, it does not reach the issue presented by plaintiffs' assignment unless we are to hold the action for foreclosure must await determination of the appeal in the counterclaim. On the other hand,

plaintiffs failed to indicate in what manner they claim the two cases cited furnish support for their position.

We have found no cases and none have been brought to our attention where an appeal from an adverse judgment on a compulsory counterclaim in an equity action for foreclosure has been involved in cases determined by this court under section 628.4. For a summary of our cases involving application of this code section see annotation in 107 A.L.R. 879.

However, if the party against whom the foreclosure suit was instituted is permitted to forestall the foreclosure proceedings until his appeal from an adverse judgment on his counterclaim is decided, the purpose of the statute restricting redemption rights is thwarted.

This result must be avoided if possible while still giving effect to both section 628.4 and rule 331(a), R.C.P., which provides: "All final judgments and decisions of courts of record * * * may be appealed to the supreme court, except as provided in this rule and in rule 333."

We agree it is proper for the trial court to defer entry of judgment in the foreclosure proceedings until after determination of the counterclaim, as suggested in Folkner. However, where plaintiffs have been granted a separate trial on a claim asserted as a law action counterclaim, any exercise of a right to appeal from an adverse decision on the counterclaim shall not forestall the foreclosure proceedings asserted in the main cause and the mortgagor must be permitted to proceed without awaiting the outcome of the appeal on the counterclaim.

Thus, such procedure will preserve plaintiffs' right to appeal in the law action as well as their right to redeem in the foreclosure proceedings. We hold section 628.4 shall not prohibit such redemption, even though an adverse judgment on a separately-tried counterclaim has been appealed by the mortgagor. The reasoning

which undergirds section 628.4 does not exist in such situation.

Plaintiffs' first assignment is without merit.

 III. In their second assignment of error plaintiffs in disputing the propriety of the court's ruling sustaining defendant's motion for summary judgment assert motion for summary judgment is not a proper method to raise the issue of res judicata.

According to rule 237(c), R.C.P., " * * The judgment sought shall be rendered forthwith if * * * there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *." Plaintiffs submit there exists a genuine issue of fact, that being whether the suit for damages is a cause of action arising out of the transaction or occurrence that is the basis of the foreclosure action instituted by defendant. This issue presents a question of law, not a question of fact.

On a motion for summary judgment movant bears the burden of showing the absence of any genuine issue of fact. Continental Ill. Nat. B. & T. Co. v. Security State Bank, 182 N.W.2d 116, 118 (Iowa 1970); Sherwood v. Nissen, 179 N.W.2d 336, 339 (Iowa 1970); Bauer v. Stern Finance Company, 169 N.W.2d 850, 853 (Iowa 1969). The trial court when confronted with a motion for summary judgment must examine the entire record before it and thereupon determine whether ultimate evidentiary facts are presented which, if decided in favor of defendant, would amount to a good defense. Continental Ill. Nat. B. & T. Co. v. Security State Bank, supra.

Defendant's motion for summary judgment sets forth the legal grounds of rule 29; it is supported by affidavit and judicial decree from the foreclosure action. Plaintiffs' resistance points to the question whether plaintiffs' claim arises out of the

transaction that is the basis of defendant's action. Defendant discharged its burden.

This assignment cannot be sustained.

The case is therefore—affirmed.

All Justices concur.