MID–CONTINENT REFRIGERATOR
CO., Appellee,

v.

Dale A. HARRIS, d/b/a Dale's Food
Market, Appellant.

No. 56041.

Supreme Court of Iowa.

Dec. 15, 1976.

Maurer & Jones, Ames, for appellant.

William A. Long, Eagle Grove, for appellee.

Submitted to MOORE, C. J., and RAWLINGS, REES, REYNOLDSON, and McCORMICK, JJ.

RAWLINGS, Justice.

Plaintiff brought action for recovery of $4746, unpaid balance claimed owing under a written contract with defendant for the fixed term lease of a commercial freezer. On plaintiff's motion trial court entered summary judgment, at the same time reserving for trial all other issues raised. Defendant appeals as of right. We dismiss the appeal.

By its petition plaintiff alleged execution of the aforesaid contract with a copy thereof appended; attendant delivery of the freezer; total performance of conditions by plaintiff; and defendant's defaulted pay-

ments of $130 each month for a given period.

By his answer defendant denied total performance and further alleged, in material part:

"That the Defendant states affirmatively that the Plaintiff, through its agents, represented that no appreciable increase in Defendant's electric rates would be incurred by Defendant, and contrary to such express and implied warranties as to fitness for particular purposes, said freezer more than doubled Defendant's electric rates."

Defendant also separately counterclaimed, thereby asserting, inter alia:

"That contrary to such warranties as made by Plaintiff's representatives as to the consumption of electrical energy by the said refrigeration unit, Defendant's average electrical bills doubled for the five-month period * * * and he has, thereby, been damaged in the sum of $1,001.13."

This is the relevant portion of trial court's "Order-Summary Judgment":

"That without dispute that Plaintiff leased and delivered to Defendant the freezer * * *. Defendant claims it was defective and breached the warranty inhering in the sale. He counterclaims seeking damages. The Court does not determine whether the facts as to damages are sufficient. Whether there are damages must depend upon a trial.

"The Court concludes that Plaintiff is entitled to summary judgment for the balance of the lease payments; and all other issues must be reserved for trial, as provided in R.C.P. 237(d).

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff * * * have judgment against defendant * * *. The Defendant's counterclaim aforesaid is reserved for trial on the merits, unaffected by this judgment."

No useful purpose will be served by alluding to the contentions here voiced by defendant.

I. Although neither party hereto questions our jurisdiction in this case, we will sua sponte dismiss an appeal neither authorized nor permitted. See *Swets Motor Sales, Inc. v. Pruisner*, 236 N.W.2d 299, 302 (Iowa 1975); *Helland v. Yellow Freight System, Inc.*, 204 N.W.2d 601, 604–605 (Iowa 1973).

II. At this point Iowa R.Civ.P. 331(a) comes into play. It says, in substance, appeal may be taken as a matter of right from any final adjudication.

As repeatedly articulated by this court, a final judgment or decision is one that finally adjudicates the rights of the parties. It must put it beyond the power of the court which made it to place the parties in their original position. A ruling or order is interlocutory if it is not finally decisive of the case. See e. g., *Helland, supra*, 204 N.W.2d at 604; *Flynn v. Lucas County Memorial Hospital*, 203 N.W.2d 613, 614 (Iowa 1973).

Admittedly, a summary judgment dispositive of the entire case is a final adjudication from which appeal may be taken. See *Swets, supra*, 236 N.W.2d at 302.

III. Without question Iowa R.Civ.P. 237 (summary judgments) is patterned after Fed.R.Civ.P. 56. See *Swisher & Cohrt v. Yardarm, Inc.*, 236 N.W.2d 297, 298 (Iowa 1975). We have also held that federal interpretations of said rule 56 are persuasive. See *Sherwood v. Nissen*, 179 N.W.2d 336, 339 (Iowa 1970).

In federal courts, however, the key to appealability when summary judgment is granted on less than the entire action in multi-claim litigation is Fed.R.Civ.P. 54(b). See 10 *Wright & Miller, Federal Practice and Procedure*, § 2715 at 417. See generally *Cold Metal Process Co. v. United Eng. & Fdry. Co.*, 351 U.S. 445, 451–453, 76 S.Ct. 904, 908, 100 L.Ed. 1311 (1956); Annot., 38 A.L.R.2d 377.

As significantly amended in 1948 (and in 1961), Fed.R.Civ.P. 54(b), provides:

"When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-

party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Notably, however, Iowa has no corresponding rule.

■ IV. Mindful of the fact trial court's adjudication, quoted *supra*, did not dispose of the whole case we look now to *Farm Service Company of Emmetsburg v. Askeland*, 169 N.W.2d 559, 560 (Iowa 1969). This court there held a permissive counterclaim would not preclude entry of summary judgment. Here, however, defendant asserted a countering cause of action arising out of the same transaction upon which plaintiff's cause was foundationed, i. e., a compulsory counterclaim. See *Harrington v. Polk Co. Fed. S. & L. Ass'n of Des Moines*, 196 N.W.2d 543, 545–546 (Iowa 1972); Iowa R.Civ.P. 29.

Touching upon the problem at hand is *Am. Title Ins. Co. v. Stoller Fisheries*, 227 N.W.2d 481, 486 (Iowa 1975), where this court observed:

"If Stroller's (compulsory) counterclaims had been timely filed or later allowed, trial court, under our prior decisions, might properly have stayed entry of the summary judgment until those counterclaims were adjudicated. *Farm Service Company of Emmetsburg v. Askeland*, supra; See *Harrington v. Polk Co. Fed. S. & L. Ass'n of Des Moines*, supra, 196 N.W.2d at 547. This rule in

the usual case would not only protect a counterclaimant from an absconding or insolvent plaintiff but would prevent segmented appeals of litigation, for entry of the summary judgment would trigger the 30-day appeal period."

Due to the fact Iowa, as above noted, has nothing akin to Federal rule 54(b) quoted above, we now focus upon the standard applied by federal courts prior to the 1948 amendment. It is thus aptly summarized in 10 Wright & Miller, Federal Practice and Procedure, § 2653, at 21:

"[I]n an action involving a permissive counterclaim, an order disposing of either the claim or the counterclaim was a final decision from which an appeal could be taken, since under Rule 13(b) a permissive counterclaim by definition does not arise out of the same transaction or occurrence that is the subject matter of the opposing party's claim. On the other hand, a comparable order in an action involving a compulsory counterclaim was not immediately appealable since under Rule 13(a) a compulsory counterclaim does arise out of the same transaction or occurrence."

Under existing circumstances that precept must be deemed applicable in this jurisdiction. Such is clearly consonant with our holdings in *Lunday v. Vogelmann*, 213 N.W.2d 904, 906 (Iowa 1973); *Bennett v. Ida County*, 203 N.W.2d 228, 232–234 (Iowa 1972); *McGuire v. City of Cedar Rapids*, 189 N.W.2d 592, 595–598 (Iowa 1971); *Reuter v. City of Oskaloosa*, 253 Iowa 768, 770–773, 113 N.W.2d 716 (1962).

Incidentally, the record reveals a notice of appeal was here first filed by defendant with plaintiff initially named the appealing party. This was followed by a like notice, November 2, 1972, the defendant being therein identified as appellant. Absent any explanation it is assumed the latter is corrective of and supplants the former.

We now hold the instantly involved fragmented adjudication was not a final judgment from which appeal as of right could be had.

In event an appeal be taken from any final judgment hereafter entered in this cause, our holding, *supra*, shall not be construed as prejudicing defendant's right to appellate review of the summary judgment heretofore entered.

APPEAL DISMISSED.