FARMERS COOPERATIVE ELEVATOR COMPANY, PANORA, Iowa, Appellee,

v.

Walter KNAPP and Barbara Knapp, Appellants (two cases).

Nos. 59805, 59690.

Supreme Court of Iowa.

Nov. 23, 1977.

Rehearing Denied Jan. 11, 1978.

Donald R. Ferree, Panora, for appellants.

Taylor, Taylor & Feilmeyer, Guthrie Center, for appellee.

UHLENHOPP, Justice.

Defendants Walter and Barbara Knapp delivered to plaintiff Farmers Cooperative Elevator Company their note on which $9613.48 principal was unpaid at the time the Company instituted suit on the note. Knapps answered in the suit averring inter alia that the Company owed them patronage dividends. Knapps also interposed a counterclaim in several divisions. In division I they alleged that when they delivered the note in suit the Company failed to furnish them a copy of it or a disclosure statement, contrary to federal statute and regulation. They prayed for $1000 damages pursuant to 15 U.S.C. § 1640. In division II they alleged that the Company failed to disclose the annual percentage rate on the note, contrary to federal law, wherefore they prayed $1000 damages. Divisions III and IV each contained a similar prayer based on other claimed infractions of federal law in connection with the note. In division V Knapps alleged misuse of process by the Company's suing on the note when the Company owed Knapps for patronage dividends, and Knapps asked $23,000 damages for that claimed tort.

The Company moved for summary judgment on its petition, and Knapps resisted. The trial court sustained the motion and entered judgment including the following:

IT IS ACCORDINGLY ORDERED, ADJUDGED AND DECREED by the Court as follows:

1. That Plaintiff have and recover judgment against the Defendant in the sum of $9,613.48 with interest thereon of $2.363971 per diem from and after September 26, 1975.

2. [Costs.]

3. That the rights of the Defendants as to their Counterclaim are in no way affected by this Judgment Entry.

Knapps appealed from that ruling. That is appeal No. 59690.

The Company thereafter moved to dismiss Knapps' counterclaim, and the trial court sustained the motion. Knapps then appealed from that ruling. That is appeal No. 59805.

■ I. *Summary Judgment on Petition.* We do not have jurisdiction in the first appeal. The divisions of the counterclaim

were compulsory counterclaims since they grew out of "the transaction or occurrence that is the basis of the opposing party's claim . . . ." Rule 29, Rules of Civil Procedure. The case falls squarely under *Mid-Continent Refrigerator Co. v. Harris*, 248 N.W.2d 145 (Iowa). There the plaintiff sued for the balance due on a refrigerator lease. The defendant counterclaimed on account of excess electricity the refrigerator used. The plaintiff moved for summary judgment, and the trial court sustained the motion for the balance of the lease payments and made this entry:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff * * * have judgment against defendant * * *. The Defendant's counterclaim aforesaid is reserved for trial on the merits, unaffected by this judgment. *Mid-Continent Refrigerator Co. v. Harris*, supra, at 146.

The defendant attempted to appeal but we dismissed the appeal, holding that the counterclaim was compulsory and an appeal could not be taken without permission until disposition of the counterclaim. We stated at page 147, "We now hold the instantly involved fragmented adjudication was not a final judgment from which appeal as of right could be had."

The *Mid-Continent* holding is not at odds with *Farm Service Co. of Emmetsburg v. Askeland*, 169 N.W.2d 559, 560 (Iowa). In the *Farm Service* case this court stated, "Here the counterclaim is permissive. It does not arise out of the same transaction."

■ A court can sustain a motion for summary judgment on part of the issues or on part of the pleadings, under rule 237, R.C.P. Nonetheless we repeat what we stated in both the *Mid-Continent* and *Farm Service* cases: if a court sustains a plaintiff's motion with reference to a petition leaving a counterclaim undisposed of, the court should use an appropriate procedural device to protect the defendant against execution until disposition of the counterclaim. Such devices include entering the ruling on the motion but withholding entry of the judgment itself, or ordering that execution

not issue pending disposition of the counterclaim. *Mid-Continent Refrigerator Co. v. Harris*, supra, at 147; *Farm Service Co. of Emmetsburg v. Askeland*, supra, at 560; Anno. 8 A.L.R.3d 1361, 1364 (procedural devices). The same would be true in reverse, of course, if a defendant's motion for summary judgment on his counterclaim is sustained and the issues are reserved arising from the plaintiff's petition.

In the present case as in *Mid-Continent* the judgment on the petition was interlocutory because the counterclaim was compulsory, so that the appeal in No. 59690 must be dismissed.

■ II. *Order Dismissing Counterclaim.* Knapps narrow their appeal from the order dismissing their counterclaim to one division: their claim of abuse of process. On that claim we conclude that the result is controlled by the decision relied on by the Company in support of its motion to dismiss, *Aalfs v. Aalfs*, 246 Iowa 158, 66 N.W.2d 121. The trial court did not err in dismissing the abuse of process claim.

NO. 59690 DISMISSED, NO. 59805 AFFIRMED.

All Justices concur except MOORE, C. J., and MASON, REES and REYNOLDSON, JJ., who dissent.

MOORE, Chief Justice (dissenting).

The majority opinion sufficiently summarizes the pleadings except defendants' answer pleads a set-off and in division V of defendants' counterclaim they allege an $11,331.57 indebtedness owed by plaintiff to them as vested patronage dividends.

I. I disagree with the majority holding the summary judgment entered June 23, 1976 was only an interlocutory order and therefore not appealable as a final judgment. It ordered:

"1. That Plaintiff have and recover judgment against *the Defendant* in the sum of $9,613.48 with interest thereon of $2.363971 per diem from and after September 26, 1975.

"2. Judgment is entered against *the Defendant* for the costs of this action to the extent attributable to Plaintiff's claim herein adjudged.

"3. That the rights of *the Defendants* as to their Counterclaim are in no way affected by this Judgment Entry." (Emphasis added.)

The note involved, signed by both defendants, was filed with the district court clerk who wrote across the face thereof, "In Judgment 6–23–1976." Identity of "the defendant" is not shown in the record.

On July 16, 1977 plaintiff obtained from the clerk an execution as the first step to enforce payment of the judgment. The execution was returned unsatisfied and a judgment debtor examination followed. Thereafter plaintiff levied on defendants' personal property. The record does not disclose events thereafter.

On July 12, 1976 defendants gave proper and timely notice of appeal from the judgment entered June 23, 1976.

Obviously the parties and court officials considered the June 23 order a final appealable order. It rightly should be so held under the rationale and pronouncements of the following authorities.

"In the absence of a statutory definition, a final judgment, order, or decree has been held to be, or defined as, one that finally disposes of, adjudicates, or determines the rights, or some right or rights, of the parties, either on the entire controversy or on some definite and separate branch thereof, and which concludes them until it is reversed or set aside; * * *." 4 C.J.S. Appeal and Error § 94, pages 257, 258.

In addition to statement of the above general principles in 4 Am.Jur.2d, Appeal and Error, section 53, the editor writes: " * * *. It has also been recognized that there may be finality in a decision which disposes not of the whole, but merely of a separate and distinct branch of the subject matter in litigation. It has also been said that a final judgment is not necessarily the last one in an action,

and that a decision which is conclusive of any question is final as to that question."

The above cited section from 4 Am.Jur.2d is cited and relied on in *McGuire v. City of Cedar Rapids,* Iowa, 189 N.W.2d 592, 596, 597.

We have repeatedly held a final judgment or decision is one that finally adjudicates the rights of the parties. It must put it beyond the power of the court which made it to place the parties in their original position. *Swets Motor Sales, Inc. v. Pruisner,* Iowa, 236 N.W.2d 299, 302; *Helland v. Yellow Freight System, Inc.,* Iowa, 204 N.W.2d 601, 604; *Flynn v. Lucas County Memorial Hospital,* Iowa, 203 N.W.2d 613, 614; *Johnson v. Iowa State Highway Comm.,* 257 Iowa 810, 812, 134 N.W.2d 916, 918 and citations.

In *Crowe v. DeSoto Cons. Sch. Dist.,* 246 Iowa 38, 40, 66 N.W.2d 859, 860, we state: " * * *. A final judgment or decision is one that finally adjudicates the rights of the parties, and it must put it beyond the power of the court which made it to place the parties in their original positions. It is a determination which may be enforced by execution or in some similar manner. *In re Estate of Swanson,* 239 Iowa 294, 305, 31 N.W.2d 385, 391, and citations."

In order to determine the question of finality of the order, we must examine its scope and intent and the motion itself. *Swets Motor Sales, Inc. v. Pruisner, supra,* 236 N.W.2d at 302; *Flynn v. Lucas County Memorial Hospital, supra,* 203 N.W.2d at 615.

To me it seems clear the judgment entered June 23, 1976 was a final appealable order. It was not interlocutory. Defendants' appeal should not, on our own motion, be dismissed.

II. Assuming arguendo the trial court was correct in ruling favorably on plaintiff's motion for summary judgment, entry of judgment should have been stayed until the counterclaim was adjudicated. *Am. Title Ins. Co. v. Stoller Fisheries,* Iowa, 227 N.W.2d 481, 486; *Harrington v. Polk Co.*

*Fed. S. & L. Ass'n of Des Moines,* Iowa, 196 N.W.2d 543, 547; *International Milling Co. v. Gisch,* 256 Iowa 949, 952, 129 N.W.2d 646, 648; *Folkner v. Collins,* 249 Iowa 1141, 1145, 91 N.W.2d 545, 547; *Hedinger v. Herweh,* 239 Iowa 1146, 1148, 34 N.W.2d 202, 203 and citations.

*Farm Service Company of Emmetsburg v. Askeland,* Iowa, 169 N.W.2d 559, cited by the majority but not followed procedurally, is factually almost identical with the case at bar. There plaintiff sued defendant on an open account and defendant counterclaimed for the value of stock owned in plaintiff corporation. Summary judgment was entered on plaintiff's petition with provision jurisdiction was retained to consider the counterclaim on its merit. At page 561 we ordered; "This case is affirmed with instructions to delay entry of the summary judgment until the counterclaim is adjudicated."

Such an order should be made in this case. Economic fairness and an opportunity to have one definite judgment and one appeal from adjudication of the claim and counterclaim would thus result. Those matters were not reached in *Mid-Continent Refrigerator Co. v. Harris,* Iowa, 248 N.W.2d 145, on which the majority so strongly relies.

I would reverse and remand for further proceedings consistent with this dissent.

MASON, REES and REYNOLDSON, JJ., join in this dissent.