CONSUMER ADVOCATE DIVISION,
DEPARTMENT OF JUSTICE,
Petitioner–Appellee,

v.

UTILITIES BOARD, UTILITIES DIVI-
SION, DEPARTMENT OF
COMMERCE, Respondent–Appellee,

v.

AT & T COMMUNICATIONS OF THE
MIDWEST, INC., Intervenor–Appellant.

No. 87–116.

Court of Appeals of Iowa.

March 9, 1988.

Mark McCormick of Belin, Harris, Hel-
mick, Tesdell, Lamson & McCormick, Des
Moines, and Mark Belmont and W. Richard
Morris of Omaha, Neb., for intervenor-ap-
pellant.

David R. Conn, Des Moines, for petition-
er-appellee.

Susan Allender, Gen. Counsel, and Dean
F. Stoner, Asst. Gen. Counsel, Des Moines,
for respondent-appellee.

Heard by OXBERGER, C.J., and
DONIELSON and SACKETT, JJ.

OXBERGER, Chief Judge.

This is an interlocutory appeal brought
by the intervenor, AT & T Communications
of the Midwest, Inc. (AT & T), challenging
a district court order dismissing AT & T's
cross-claim on jurisdictional grounds. AT
& T asserts a district court has jurisdiction
to review an intervenor's cross-claim for
affirmative relief even though a petition
for judicial review was not filed within
thirty days of the agency decision. We
reverse and remand.

AT & T applied to the Utilities Board for
a rate increase for certain telecommunica-
tions services. The Consumer Advocate
Division (CAD) resisted this application.
The Utilities Board issued a decision, and
on August 25, 1986, the last possible day,
the CAD filed a petition for judicial review
naming the Utilities Board as respondent.
On October 6, 1986, AT & T filed a petition
of intervention and a cross-claim against
the Utilities Board.

The Board moved to strike the cross-
claim on the ground that a cross-claim
could only be made in a timely petition for
judicial review. The district court sus-
tained the motion on the ground it did not
have jurisdiction to review the cross-claim
because AT & T failed to raise the issues in
a petition for judicial review. AT & T was
then granted permission to bring this inter-
locutory appeal.

AT & T claims that under the supreme
court's decision in *Doerfer Division of
CCA v. Nicol,* 359 N.W.2d 428 (Iowa 1984),
a district court has jurisdiction to review a
claim for affirmative relief by a cross-
claimant even though the cross-claimant
has not petitioned for judicial review within
thirty days of the agency decision. AT & T
argues it has a right to intervene and be-
come a party, and because it was a party,
make a cross-claim seeking greater or addi-
tional relief.

We find the supreme court's decision in
*Doerfer* to be dispositive of this case.
*Doerfer* holds that a district court has jur-

isdiction to review claims for affirmative relief by a cross-claimant even though the cross-claimant did not file a timely petition for judicial review. *Doerfer,* 359 N.W.2d at 436–37. The court explained that:

> [b]y waiting until the thirtieth day before filing, a party could strip other parties, dissatisfied with the decision but nonetheless willing to acquiesce, of any opportunity for affirmative relief. Such a theory finds no support in our law or in sound public policy.

*Id.* at 436.

The *Doerfer* court then outlined the rights of an intervenor. *Id.* at 437. The court found that Iowa Rule of Civil Procedure 333(a) was not inconsistent with the Iowa Administrative Procedure Act and an intervenor could join with a party to the action. *Id.* The court also found that a cross-claim could be contained in the intervenor's filing. *Id.*

In this case AT & T, as an intervenor, joined with the respondent Utilities Board. Once joined as a coparty, AT & T had a right under Rule 33 to cross-claim against the Utilities Board. The issues raised in the cross-claim were issues that arose out of the transaction or occurrence that was the subject matter of the original action. *See* Iowa R.Civ.P. 33. The issues arose from the rate case decision and are logically related to the issue raised by the Utilities Board in its petition for judicial review. *See Harrington v. Polk County Fed. Sav. & Loan Assoc. of Des Moines,* 196 N.W.2d 543, 545–46 (Iowa 1972).

Based on the foregoing, we hold the district court erred in dismissing AT & T's cross-claim for jurisdictional reasons. We therefore reverse the judgment of the district court and remand the case for further proceedings consistent with this opinion.

REVERSED AND REMANDED.