JAMES ANGELL, by A. W. ANGELL, his father and next friend, Appellee, v. FRED D. HUTCHCROFT, Appellee; A. W. ANGELL, Appellant.

No. 45414.

FEBRUARY 18, 1941.

S. E. Prall and R. Kent Martin, for appellant.

J. O. Watson, Jr., and Putnam, Putnam, Fillmore & Putnam, for appellee.

OLIVER, J.—James Angell, a minor, and his father, A. W. Angell, appellant, reside in Cass county, Iowa. Appellee, Fred W. Hutchcroft, lives in Warren county. An automobile driven by James, and owned by his father, collided with an automobile owned and operated by Mr. Hutchcroft, in which Mrs. Hutchcroft was riding, causing damage to both cars and injuries to their occupants. James Angell, by A. W. Angell, his father and next friend, brought this action at law in the district court of Warren county, against Mr. Hutchcroft for damages on account of (1) personal injuries to James, and (2) damages to father A. W. Angell's automobile, claim for which had been assigned to James. Mr. Hutchcroft filed cross-petition and counterclaim against A. W. Angell, an individual, as owner, and plaintiff, James, as driver of the car, respectively, claiming damage in two

counts, (1) for injuries to Mr. Hutchcroft and damages to his automobile, and (2) for injuries to Mrs. Hutchcroft, claim for which had been assigned to Mr. Hutchcroft. A. W. Angell, defendant in said cross-petition, moved to strike or dismiss the cross-petition or for change of venue, alleging his residence in Cass county, that the subject matter of the cross-petition against him was not the same as in the main action and that there was a misjoinder of parties and causes of actions and also asked that if said motion be not sustained the issues involved in the cross-petition be transferred and tried in Cass county. The trial court overruled said motion and A. W. Angell has appealed.

The exact title of appellant's motion was "Motion to Dismiss Cross-Petition or Change of Venue." However, in the trial court the first portion of the motion appears to have been treated as a motion to strike and the order and ruling appealed, at one place refers to it as "Motion to Strike or Dismiss." Consequently, we have concluded to so describe and consider it, and, accordingly, to overrule appellee's motion to dismiss the appeal, the premise of which was that the order overruling the motion for change of venue, standing alone, was nonappealable and that the first part of the motion was in effect a demurrer, the overruling of which was also a nonappealable order in the absence of judgment or election to stand thereon.

Analogous to this case is Ryan v. Amodeo, 216 Iowa 752, 249 N. W. 656. There a father, as administrator of the estate of a son killed in an automobile collision while driving the father's car, brought suit against the owner of the other car involved in the accident. The latter cross-petitioned for damages growing out of the collision, against the father, as an individual. An alternative motion to strike or for change of venue to the county of his residence was made by the father as an individual and he also joined therein as administrator. These motions were overruled and, upon appeal, the rulings were affirmed upon the ground that the cross-petition constituted a cause of action affecting the subject of the main action within the purview of Code section 11155, and, therefore, was proper.

In the case at bar the liability of the defendant in cross-petition (appellant, A. W. Angell) was predicated upon his

ownership of the automobile in question allegedly with his consent driven by son James. It is to be noted that son James brought the main action by A. W. Angell, his next friend, and that one item of recovery sought therein was for damage to appellant's automobile, which claim appellant had assigned to James. In count No. 1 of the cross-petition, appellee sought recovery against appellant for his damages growing out of the collision. We are satisfied that said count No. 1 pleaded a cause of action affecting the subject matter of the main action and was maintainable under the provisions of Code section 11155. Therefore, as to count No. 1, the overruling of appellant's motion to strike or dismiss and for change of venue was proper. Furthermore, appellant's motion was a general attack upon the cross-petition as a whole and no portion thereof was subjected to separate attack. Hence the holding that count No. 1 was impervious to the motion requires an affirmance of the ruling as to the entire motion. Sloanaker v. Howerton, 182 Iowa 487, 491, 166 N. W. 78, 80; Mitchell v. Beck, 178 Iowa 786, 798, 156 N. W. 428, 433, 160 N. W. 232.

Another proposition raised in this appeal by appellee concerns the correctness of the procedure adopted by appellant in moving to strike the cross-petition filed against himself rather than the other causes of action with which it was joined. The result heretofore reached renders unnecessary the consideration of this proposition.

The ruling of the trial court is affirmed. —Affirmed.

HALE, C. J., and MITCHELL, SAGER, BLISS, MILLER, WENNERSTRUM, and GARFIELD, JJ., concur.