Rosemary **COOLEY**, Plaintiff,

v.

**ENSIGN-BICKFORD COMPANY**, a Connecticut Corporation, and **Quick Supply Company**, an Iowa Corporation, Appellants,

v.

Everett **MATEER**, Defendant to Cross-Petition-Appellee.

Jack **COOLEY**, Plaintiff

v.

**ENSIGN-BICKFORD COMPANY**, a Connecticut Corporation and **Quick Supply Company**, an Iowa Corporation, Appellants,

v.

Everett **MATEER**, Defendant to Cross-Petition-Appellee.

No. 55561.

Supreme Court of Iowa.

July 3, 1973.

---

F. Richard Lyford, of Dickinson, Throckmorton, Parker, Mannheimer & Raife, Des Moines, for Quick Supply Co., appellant.

Richard Langdon, of Herrick, Langdon, Belin, & Harris, Des Moines and John W. Scott, of Spencer, Scott & Dwyer, Joplin, Mo., for Ensign-Bickford Co., appellant.

L. P. Van Werden, of Reynoldson, Brown & Van Werden, Osceola, for appellee.

Roy M. Irish, of Patterson, Lorentzen, Duffield, Timmons & Irish, Des Moines, for defendant to cross-petition and appellee.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP and McCORMICK, JJ.

MOORE, Chief Justice.

We granted defendants permission to appeal from the district court interlocutory order granting defendant to cross-petition a change of venue to the county of his residence. Only defendant Quick Supply Company has perfected this appeal. We reverse.

Plaintiffs, husband and wife, brought actions in Polk County. Quick's principal place of business alleging dynamite fuses purchased by plaintiff Jack Cooley, which subsequently caused him serious injury, were manufactured by defendant Ensign-Bickford Company and sold by Quick to the retailer Everett Mateer. Plaintiffs sued only Ensign and Quick. They alleged both defendants were negligent, the fuses were not fit for their particular purpose and strict liability. Plaintiffs' specifications of negligence included an assertion defendants failed to give proper instructions and warnings for the handling and use of the fuses.

After plaintiffs' actions had been pending for many months, defendants cross-petitioned against the retailer Mateer for contribution. Mateer's motion for change of venue of the cross-petitions to Clarke County, Mateer's place of residence, was sustained. That order gives rise to the appeal now before us.

The question presented is whether venue of the cross-petition is the county of the main action or the county of cross-petition defendant's residence.

Rule 24(a), Rules of Civil Procedure provides:

"(a) *Generally.* Any number of defendants may be joined in one action which asserts against them, jointly, severally or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, when any question of law or fact common to all of them is presented or involved."

Code section 616.17 provides:

"Personal actions, except as otherwise provided, must be brought in a county in which some of the defendants actually reside, but if neither of them have a residence in the state, they may be sued in any county in which either of them may be found."

Thus it is clear had Mateer been made a defendant to the main action, as he could have been, he would not have been entitled to a venue change to his county of residence. As we will point out infra, the fact he was made defendant to cross-petition affords him no right to a venue change.

"The general rule is that when the determination of a matter is incident to a principal action, the court having jurisdiction of the principal action may determine the ancillary or incidental proceedings, notwithstanding the venue of an action as to such matter would under other circumstances be in another county." 56 Am.Jur., Venue, § 25, p. 27. See also 92 C.J.S. Venue § 61; Annot., 100 A.L.R.2d 693, 700, 701.

As pertinent, rule 33(b) R.C.P. provides: "When a defendant to a petition, cross-petition or counterclaim will, if held liable thereon, thereby be entitled to a right of action against one not already a party, he may move to have such party brought in, to the end that the rights of all concerned may be determined in one action. * * *."

We have not heretofore been asked to interpret this rule as it bears on the venue question here raised. However, statutes of substantially the same provisions in force prior to the adoption of the rule have been before this court. In Mahaska Bank v. Crist, 87 Iowa 415, 423, 54 N.W. 450, 453, we say:

"* * *. The statute contemplates a trial of the issues joined on the cross petition in the court in which the original action is determined. It provides a means for adjudicating in a single action different rights of the defendants and

others which are affected by the subject-matter of the litigation which the plaintiff had instituted. The filing of a cross petition and the proceedings thereunder do not constitute a 'separate action' within the meaning of the statute, and to award a party a separate trial in the court of another county, on the ground of his residence therein, would be contrary to its spirit and intent. * * *."

The above quote is set out and its reasoning applied in Brown v. Holden, 120 Iowa 191, 194, 94 N.W. 482, 483 and Ryan v. Amodeo, 216 Iowa 752, 755, 249 N.W. 656, 657. See also Angell v. Hutchcroft, 229 Iowa 1192, 296 N.W. 365.

■ Like our earlier statutes, rule 33 (b) R.C.P. contemplates trial of the issues joined on the cross-petition be in the court in which the original action is determined. Here that is Polk rather than Clarke County. The trial court's order is contrary to the expressed intention "that the rights of all concerned may be determined in one action."

■ Appellee Quick relies on our holding in Cannon v. Century Construction Co., 252 Iowa 88, 106 N.W.2d 65, to support the trial court's order. It is readily distinguishable. Interpretation of rule 33(b) is in no manner involved therein. Cannon involved an independent action for indemnity or equitable contribution. We reversed the trial court's order granting defendant a change of venue to its county of residence on the ground plaintiff's injuries and damages were suffered in a motor vehicle collision in the county where the action was filed. We there applied Code section 616.-18 which provides:

"Actions arising out of injuries to a person or damage to property may be brought in the county in which the defendant, or one of the defendants, is a resident or in the county in which the injury or damage is sustained."

Appellee-Mateer in his brief and argument argues this appeal is now moot in view of certain facts which have occurred since the taking of this appeal. He states that since this appeal was commenced, Ensign was dropped as a party defendant by plaintiff Jack Cooley and Rosemary Cooley dismissed her causes of action against all defendants. He further states Jack Cooley then proceeded to trial against Quick and obtained a $135,000 judgment. Quick's appeal therefrom is pending in this court.

■ An action is moot if it no longer presents a justiciable controversy because the issues involved have become academic or nonexistent. Stated otherwise, a case is moot when a judgment, if rendered, will have no practical legal effect upon the existing controversy. Board of Directors Ind. Sch. Dist. v. Green, 259 Iowa 1260, 1264, 147 N.W.2d 854, 856 and citation.

■ Without reaching appellant-Quick's argument we should decide this appeal on the record before the lower court, we hold under the facts asserted in appellee's brief and the applicable legal principles this appeal is not now moot. Only part of the original controversy has ceased to exist. The controversy between Quick and Mateer is still pending. In support of our conclusion see Cramer v. Phoenix Mut. Life. Ins. Co. of Hartford, Conn., (8 Cir. 1937) 91 F.2d 141, which is factually very similar.

The lower court erred in sustaining Mateer's motion for change of venue to Clarke County. Quick is entitled to try its cross-petition against Mateer in Polk County District Court.

Reversed and remanded for proceedings consistent with this opinion.