Calvin FRANK, Plaintiff,

v.

ART'S–WAY MANUFACTURING COMPANY, Appellant,

and

Eldon Frank, Appellee—Cross-claimant.

No. 59837.

Supreme Court of Iowa.

Feb. 22, 1978.

Daniel D. Sanderson, of Sanderson, Sanderson & Ridout, Estherville, and William W. Garretson, of Williams & Seery, Des Moines, for appellant.

Russell S. Wunschel, Carroll, for appellee —cross-claimant.

Considered by MOORE, C. J., and MASON, REES, REYNOLDSON and McCORMICK, JJ.

REYNOLDSON, Justice.

This appeal involves the right of a defendant to maintain a cross-claim against a codefendant. The answer requires appropriate application of rules 22 and 33, Rules of Civil Procedure.

May 11, 1976, Calvin Frank filed petition in Sac County against Art's-Way and Eldon Frank, its agent and salesman, asserting breach of implied warranty and seeking exemplary damages on the sale of a front-end loader, and asking specific performance, actual damages and exemplary damages on an alleged subsequent contract for purchase of a second front-end loader.

June 2, 1976, Eldon Frank cross-claimed against Art's-Way, praying he be indemnified for any judgment against him in the action filed by Calvin Frank. In three additional divisions Eldon Frank cross-claimed against Art's-Way for actual and exemplary damages for the alleged breach of a license agreement.

June 23, 1976, Art's-Way moved to dismiss and to strike those cross-claim divisions relating to the license agreement. Art's-Way argued this cross-claim could not be maintained under rule 33, R.C.P., because it did not arise out of the same transaction or occurrence as plaintiff's action, and because the identical claim, instituted in Sac County as a separate suit, had previously been dismissed on venue grounds.

August 26, 1976, trial court ruled Eldon Frank's cross-claim for indemnity was proper under rule 33, R.C.P., and that rule 22, R.C.P., permitted joinder of the license contract claims with the indemnity claim.

We granted permission to appeal from this interlocutory order and now reverse and remand.

I. Both parties agree rule 33, R.C.P., as amended effective July 1, 1976, is relevant:

"33. *Cross-claim against coparty.*

A pleading may state as a cross-claim any claim by one party against a coparty arising out of the transaction or occurrence that is the subject matter either of the original action or a counter-claim therein or relating to any property that is

the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."

The purpose of the 1976 amendment was to adopt Federal Rule of Civil Procedure 13(g). The major effect of the change was to follow the federal nomenclature in identifying claims between coparties as "cross-claims" rather than "cross-petitions," and adding the clause "or relating to any property that is the subject matter of the original action." See rule 33, R.C.P., The Code, 1975; Acts 66th G.A., ch. 1265 (1976); 1 Iowa Rules of Civil Procedure, § 33, pocket part, pp. 31–32; 1 Vestal & Willson, Iowa Practice, § 22.05, pp. 401–402, pocket part, pp. 103–104 (1974).

Trial court overruled the Art's-Way motion to strike on the ground "that Eldon Frank's claim for indemnity is a proper subject for a Cross-Petition [cross-claim] under Rule 33. Since this claim is proper, Eldon's claims concerning the license agreement may be properly joined under Rule 22."

At all times pertinent here rule 22, R.C.P., has provided:

"22. *Actions joined.*

A single plaintiff may join in the same petition as many causes of action, legal or equitable, independent or alternative, as he may have against a single defendant."

Trial court reasoned because Eldon Frank became a proper cross-claimant with respect to his indemnity claim, he was therefore a rule 22 "plaintiff" and authorized to join all his other claims against a coparty.

■ Eldon Frank has not referred us to any authority supporting this rationale. The language of rule 22 makes plain it relates to the single plaintiff—single defendant situation. 1 Vestal & Willson, supra, § 22.02, pp. 393–397.

Rule 31, R.C.P., provides "[a] party pleading a counter-claim shall have the same right to join more than one cause of action as a plaintiff is granted under rules 22 and

23." We think it significant there is no similar provision in our rules which grants a rule 33 cross-claimant a plaintiff's right to join unrelated causes.

As authority for its holding, trial court cited *Angell v. Hutchcroft,* 229 Iowa 1192, 296 N.W. 365 (1941). The claim, counter-claim, and cross-petition (cross-claim) in that case all were based on the same automobile accident. *Angell* does not bear on the issue before us.

Trial court's ruling also cited rules 13(g) and 18(a), F.R.C.P. We already have noted rule 13(g), F.R.C.P., is identical to our present rule 33, R.C.P.

But rule 18(a), F.R.C.P., is by no means similar to our rule 22. Federal rule 18(a) provides *"[a] party asserting a claim to relief as an original claim, counter-claim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims,* legal, equitable or maritime, *as he has against an opposing party."* (emphasis supplied). Thus a coparty asserting a proper cross-claim under rule 13(g), F.R.C.P., may join independent unrelated claims by virtue of the broad language of rule 18(a), F.R.C.P. *First National Bank of Cincinnati v. Pepper,* 454 F.2d 626, 635 (2d Cir. 1972); 3A Moore's Federal Practice, § 18.04[4] n.4, p. 18–25 (2d ed. 1977).

■ Prior to a 1966 amendment, rule 18(a), F.R.C.P., was more restrictive in scope. See 3A Moore's Federal Practice, supra, § 18.01[1], p. 18–3. However, we did not adopt the 1966 federal change. Our rules do not permit a cross-claimant unrestricted joinder of claims. The federal decisions under 18(a), F.R.C.P., are not controlling here because we have no comparable rule.

II. As a second line of defense Eldon Frank asserts his license agreement cross-claims are maintainable under the rule 33, R.C.P., clause which permits such claims "relating to any property that is the subject matter of the original action."

The subject matter of plaintiff Calvin Frank's actions related to a single front-end loader alleged to be defective, and a con-

tract for a second loader alleged to have been ordered but never delivered. These alleged events occurred in 1974 and 1975. The petition claimed total actual damages of $19,650 and total exemplary damages of $20,000.

The cross-claims in issue here related to a 1972 license agreement in which Eldon Frank, as applicant for patent on a tractor front-end loader, licensed Art's-Way to manufacture and sell the device. Eldon Frank asserted numerous violations of this contract, including failure to affix a patent-applied-for mark, failing to apply for foreign patents before selling the loaders, selling the devices to original equipment manufacturers, faulty manufacture and inspection, failure to fill orders, failure to manufacture necessary component parts, and failure to make required royalty payments. Cross-claimant prayed for judgments for actual and exemplary damages in the total sum of $2,025,000.

■ Cross-claimant Eldon Frank argues because one division of plaintiff Calvin Frank's petition related to a defective front-end loader he (Eldon) is entitled to maintain the license agreement cross-claims which also relate in part to the defective manufacture of such loaders. He infers the petition and these cross-claims thus concern the same "property" and satisfy the rule 33, R.C.P., requirement.

We are not so persuaded.

In this context federal authorities are pertinent, for, as above noted, the language of rule 13(g), F.R.C.P., and rule 33, R.C.P., is identical. See *Folkner v. Collins,* 249 Iowa 1141, 1145, 91 N.W.2d 545, 547 (1958). Examination of those authorities convinces us the requirement that the cross-claim relate to property which is the subject of the original action means something more than exists under the pleaded allegations in this case.

"The Advisory Committee's Note to the 1946 amendments to Rule 13(g) explicitly states that the purpose of the property clause is to take care of 'a situation such as where a second mortgagee is made defendant in a foreclosure proceeding and

wishes to file a cross-complaint against the mortgagor in order to secure a personal judgment for the indebtedness and foreclose his lien.' Clearly, a claim of this sort is as closely related to the main action as one that arises out of the same transaction or occurrence that is the subject matter of the original action.

"The property clause of Rule 13(g) is not limited solely to foreclosure proceedings but may be applied in other contexts. Thus courts have allowed cross-claims in interpleader actions when they are asserted against the common fund or subject of the main action."

—6 Wright and Miller, Federal Practice and Procedure, Civil, § 1432, p. 175 (1971) See *United States v. United Pacific Insurance Company,* 472 F.2d 792, 795 (9th Cir. 1973), cert. den., 411 U.S. 982, 93 S.Ct. 2273, 36 L.Ed.2d 958 (1973); *Northern Natural Gas Company v. Grounds,* 292 F.Supp. 619, 640 (D.Kan.1968), cert. den., 404 U.S. 951, 92 S.Ct. 268, 30 L.Ed.2d 267 (1971), 404 U.S. 1063, 92 S.Ct. 732, 30 L.Ed.2d 751 (1972), reh. den., 404 U.S. 1065, 92 S.Ct. 732, 30 L.Ed.2d 754 (1972) ("In interpleader actions * * * the 'subject matter of the action' is not a set of facts, a transaction or other occurrence which gives rise to litigation, but a specific identified fund or property. Claims must not only 'relate' to that property, but be asserted against it * * *."); 3 Moore's Federal Practice, supra, § 13.34[1], p. 13–876.

We hold the necessary nexus between Calvin Frank's claims and Eldon Frank's cross-claims is nonexistent. See *United States v. United Pacific Insurance Company, supra,* 472 F.2d at 795. The license agreement cross-claims do not relate "to any property that is the subject matter of the original action." Rule 33, R.C.P.

The ruling below is reversed. This case is remanded for further proceedings in conformance with this opinion.

REVERSED AND REMANDED.