# IN THE COURT OF APPEALS OF IOWA

No. 13-2064
Filed November 25, 2015

**FIRST MIDWEST BANK,**
     Plaintiff-Appellee,

**vs.**

**TED BRECKENFELDER,**
     Defendant-Appellant.

**and**

**INTERNAL REVENUE SERVICE and MICHELE R. WHITE,**
     Defendants.
_____

Appeal from the Iowa District Court for Scott County, Marlita A. Greve (foreclosure) and Paul L. Macek (jury demand), Judges.

Ted Breckenfelder appeals from a summary judgment granting First Midwest Bank's foreclosure of a mortgage on real estate he owned.  **AFFIRMED.**

Ted Breckenfelder, Davenport, for appellant.

Jonathon C. Fox of Califf & Harper, P.C., Moline, Illinois, for appellee.

Considered by Danilson, C.J., Mullins, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, Senior Judge.**

Ted Breckenfelder appeals from a summary judgment ruling granting First Midwest Bank's foreclosure of a mortgage on real estate he owned. We affirm.

**I.     Background Facts**

On April 16, 2013, First Midwest filed a petition to foreclose a mortgage on real estate owned by Breckenfelder. The petition alleged that he had failed to make the required balloon payment on a note secured by the mortgage. Breckenfelder filed an answer on May 13, 2013, asserting among other things that First Midwest's improper and illegal conduct created offsets and damages that when properly credited reduced the balance to below the amount alleged in the petition. He also maintained that these defenses created actions at law and accordingly requested a jury trial. On June 13, First Midwest filed a motion to strike the jury demand and it was granted. Breckenfelder requested an interlocutory appeal to consider his right to a jury, but the interlocutory appeal was denied and procedendo was issued on September 16, 2013.

First Midwest filed a motion for summary judgment on November 25, 2013. The motion was supported by an affidavit asserting that the required balloon payment had not been paid. At the hearing Breckenfelder stated that he had not paid the balloon payment because First Midwest's computation of the amount due was not correct. Breckenfelder claimed an offset due to the bank's improper and illegal conduct and also asserted the property was worth more than the amount due on the note. The motion for summary judgment was granted and the decree of foreclosure was entered on November 25, 2013. A special

execution was granted and the sheriff's sale was set for May 27, 2014. Breckenfelder filed this appeal.

On May 29, 2014, First Midwest released its judgment, noting full satisfaction and full payment of the sum due on its judgment of November 25, 2013. Breckenfelder filed a motion for a remand with application for a stay, contending the matter should be remanded for a jury trial on his claim against First Midwest. The motion was denied by a single justice order that also directed that since the matter might be moot, Breckenfelder should dismiss or address the mootness issue in his brief. Breckenfelder requested a reconsideration of his motion that was again denied with directions to address the mootness issue. Breckenfelder admits the foreclosure issue is moot but wants the matter of his claim tried to a jury.

## II.     Discussion

It is the summary judgment and the granting of the foreclosure as a result of the summary judgment that has been appealed. The granting of the motion for summary motion and the resulting foreclosure is now moot. Breckenfelder admits as much. On May 29, First Midwest released its judgment and noted full satisfaction for payment of the sum due. Where an appellate court's review has no practical effect on an existing controversy, it is considered moot. *Louis Invs., Inc. v. City of Iowa City*, 703 N.W.2d 180, 183 (Iowa 2005). Appellate courts will not decide moot questions. *Cooley v. Ensign-Bickford Co.*, 209 N.W.2d 100, 102 (Iowa 1973). If a matter of substantial public interest is present an exception may exist. *Maguire v. Fulton*, 179 N.W.2d 508, 509-10 (Iowa 1970). We find no matter of substantial interest in this proceeding.

Breckenfelder, while admitting that the foreclosure issue is moot, contends his claim for damages is viable and that the matter should be remanded for a jury trial of that issue. The mortgage foreclosure and Breckenfelder's claim for damages are two separate issues, even though arguably arising out of the same transaction. Whether Breckenfelder's claim against First Midwest constituted a mandatory counterclaim under Iowa Rule of Civil Procedure 1.241 it is not before the court. Breckenfelder did not file a counterclaim in the foreclosure proceeding but used his claim as a defense and as a method of obtaining a jury trial. Even if the claims had constituted a defense to the foreclosure the matter is now moot because of the satisfaction and dismissal. If Breckenfelder had filed a counterclaim, it could have been set aside for a separate trial if that is what he wanted. *See Harrington v. Polk Cnty. Fed. Sav. & Loan Assoc.*, 196 N.W.2d 543, 547 (Iowa 1972).

**AFFIRMED.**